# STATE OF MINNESOTA

## *v.*

# JOHN GARVEY.

The plaintiff in error was indicted under Chapt. 41 of laws of 1864. In naming the offence in the indictment, it was termed an "assault with intent to do great bodily harm," without stating that the plaintiff was armed with a dangerous weapon; but in the statement of the acts constituting the offence, it was plainly and specifically alleged that he was so armed at the time of the assault. *Held :* that this was sufficient.

*Held :* That when it is alleged that the defendant, without authority of law, made an assault with intent to do great bodily harm, this is a sufficient allegation of the willful and criminal character of the act.

When the indictment *shows* that the act charged as the offence is a crime, this is sufficient, though the adverb "feloniously" or "criminally" is not used.

An indictment under said statute in the language of the act is sufficient, without charging that the assault was made "deliberately," or "premeditatedly," or with "malice aforethought."

Premeditation, except as implied in the *intent* to do great bodily harm, is not a necessary element of the crime defined by said statute.

The counsel for the defendant below asked the court to charge the jury that, "if the jury believed from the evidence that Garvey was in such a state of mind, from any cause, that he did not know what he was doing, they could not rightfully convict of the charge in the indictment;" which instruction was given, with this qualification: that "if the defendant did not know what he was doing, from being in a state of insensibility, the jury could not convict; but *otherwise*, if from excitement or madness, the immediate consequence of indulgence in strong drink." *Held :* that this qualification of the instruction asked was erroneous; that an intention to do great bodily harm must *in fact* exist to justify a conviction under said statute; and if Garvey did not know what he was doing, he was incapable of forming such intention.

That intoxication is not an excuse for crime, but when the *intention* with which the act was done is an element of the crime, insanity of any kind, or from any cause, (not voluntarily induced with a view to the commission of a

State of Minnesota v. Garvey.

crime while in that state,) which renders the party incapable of forming any intention, may be given in evidence for the purpose of showing that he is not guilty of the specific crime with which he is charged.

On the trial, defendant's counsel, on cross examination, asked the prosecuting witness whether he believed, that, at the time the shot was fired, Garvey intended to shoot him ?　*Held:* that, it not appearing that the prosecuting witness had any means of judging of Garvey's intention, there was no error in refusing to hear the answer to this question.

An indictment was presented by the grand jury of Sibley county to the District Court of said county, against the defendant, under Chap. 41 laws of 1864, for an assault with intent to do great bodily harm, being armed with a dangerous weapon.　Upon the trial the defendant was found guilty, and sentenced by the court to one year's hard labor in the State's prison.　The defendant removes the case to this court by writ of error.　The errors complained of sufficiently appear in the opinion of the Court.

Gorman & Davis, for Plaintiff in Error.

The District Judge erred in refusing to charge the jury as requested by the plaintiff in error.

The plaintiff in error was indicted under the act of 1864, for an assault with intent to do great bodily harm, being armed with a dangerous weapon.

I.　Specific intent to do great bodily harm is necessary. In all cases where *intention* is made the gist of an offence, either to establish its existence or to ascertain its degree, (as in the different degrees of murder,) the intoxication of the accused should be taken into consideration, *as a matter of fact*, to ascertain his capacity to form an intention.　Whart. Am. Cr. Law, 4th Ed., Secs. 32, 41, 43.　*Pigman v. The State,* 14 Ohio.

Chief Justice Jervis, as quoted by Whart., Sec. 43, observed, in a case where the defendant was indicted for an attempt to commit suicide by drowning, "If the person was so

drunk as not to know what she was about, how can you find that she intended to drown herself?" Justice Patterson remarked, in a case reported in the 8th Cow. & Payne, "A person may be so drunk as to be utterly incapable to form any intention at all, and yet he may be guilty of very great violence. If you are not satisfied that the prisoners, or either of them, had formed a positive intention of murdering the child, you may find them guilty of an assault." In that case, the capacity to form an intention was taken into consideration to determine whether a crime had been committed, of which intention is the very essence. Also, *Rogers v. The People*, 3 Park. Cr. R., page 632 ; *People v. Robinson*, 2 Ib., page 303 ; 1 Bish. Cr. Law, 490–514 ; *Commonwealth v. Green*, 1 Ashm. page 289 ; cited in 4th edition Russell on Crimes, page 421, (*b*.) ; Whart. Am. Cr. Law, Secs. 1084, 1279, 1280, 1283 ; 1 Yeates, 418.

III. The statute of 1864 was designed to punish assaults merely. Where the indictment shows that the act done passed beyond an assault into a battery, the accused cannot be punished *under the statute*. See in this connection, 1 Bish. Cr. Law, Sec. 134.

IV. The indictment, taken in connection with the verdict, is insufficient. It contains in one count a charge of two different crimes. See *Reed v. The People*, 1 Park. Cr. R., page 488.

V. The Judge erred :

1. In instructing the jury that the words " wilfully, deliberately, feloniously, premeditatedly, and of malice aforethought," were surplusage, and need not have been averred in this indictment.

2. In ruling out the question put to the prosecuting witness, " Do you believe that, at the time the shot was fired by Garvey, he intended to shoot you ? "

VI. The verdict does not warrant the sentence. The jury find the defendant guilty as *charged* in the indictment.

State of Minnesota v. Garvey.

The charging part of the indictment accuses John Garvey of an assault with intent to do great bodily harm, omitting to aver that he was armed with a dangerous weapon.    The verdict rendered in this case only warrants a sentence for a common assault.    Comp. Stat., page 776, Sec. 44 ; 4 Park. Cr. R., page 69 ; *State v. Eno*, 8 Minn., page 220.

WM. COLVILLE, Attorney General, for Defendant in Error.

This case comes up under the statute of 1864, providing for the punishment of any person who, " being armed with a dangerous weapon, shall assault another with intent to do great bodily harm."

The principal points raised by the counsel for the plaintiff in error in this case were determined by this Court at the last term, in the case of *The State of Minnesota v. Cornelius Dineen*, indicted in the District Court for Hennepin county for the same offence.

I.    It was in that case decided, that premeditation, or the existence of a prior intention to commit the act complained of, need not be proven.    " If the acts and conduct of the defendant were wrongful and purposely done, the criminal intent may be inferred.    A person is presumed to intend what he does, and the jury are left to judge of the intent of the party as the same may be disclosed by all the surrounding circumstances."    See opinion of Judge McMillan in above case, on file.    See also Archibald's Cr. Pl., Vol. 1, page 87, note, and cases therein cited :    " When the act is in itself unlawful, an *evil intent will be presumed*, and need not be averred, and if averred is a mere formal allegation, which need not be proved by extrinsic evidence."

II.    Therefore it follows that in a case of this kind premeditation or malice need not be shown, as would be necessary in an indictment for murder, or for an assault with intent to murder ; and that the words " wilfully," " deliberately,"

"premeditatively," "feloniously," and "of malice afore-thought," occurring in the indictment in this case, were properly charged by the judge to be surplusage. As to the use of technical words in an indictment, see Archibald's Cr. Pl., Vol. 1, page 91. The doctrine is there laid down, that in felonies at common law, these technical words must be used; also in offences created by statute, *if the statute uses such words in defining the offence.* If it uses no such terms, then none need be put in the indictment. In a note on the same page it is also stated that even the use of the word "unlaw-ful,"—equivalent to "without authority of law,"—may be dis-pensed with, provided it does not occur in the statute defini-tion of the offence.

III.   The same reasoning covers the decision of the judge upon the question put to the complaining witness: "Do you believe that at the time the shot was fired by Garvey, he in-tended to shoot you?" which was ruled out by the judge. If the jury are to be governed by the *facts* and *circumstances of the case* in forming their opinion as to the intention of the party, certainly the *opinion* of a witness on that point would be immaterial and irrelevant. Besides, the testimony of this witness would not be competent, on the ground that if a wit-ness is to give his opinion upon the subject of the competency of the party to form an intention, or upon his sanity, or upon his unconsciousness of what he was doing, it must appear that the witness is an *expert*, learned on the subjects of insanity, etc.

IV.   The objection of duplicity in the indictment is also disposed of in the same case, (*State of Minnesota v. Cornelius Dineen.*)   To the objection on that ground raised in that case, the Court say: "The indictment certainly charges 'an as-sault with intent to do great bodily harm,' which is the statu-tory offence. The fact that it states beating and wounding, cannot vitiate the indictment; it is mere surplusage."

V.   In regard to the question of the intoxication of the defendant, it is one of the *res gestae* to be taken into consideration by the jury in forming their opinion as to the intention of the defendant at the time he did the act, and this is the substance of the charge of the Judge upon that branch of the subject.   The Judge charges that the "intoxication of the defendant at the time the act was done, may be, as a matter of fact, considered by the jury, as to the condition of his mind in forming a deliberate purpose to commit the act;" and "that if the defendant did not know what he was doing, from being in a state of insensibility, the jury cannot convict; but otherwise, (if the act was committed, I suppose,) from excitement or madness, the immediate consequence of indulgence in strong drink."

The fact that a man is maddened or infuriated with liquor, does not imply that he is unconscious of what he is doing.   If a man's temper and passions are so excited and aroused as to be ungovernable, it certainly should be no justification that he voluntarily brought himself into that condition by drinking himself drunk; it is only adding one beastly fault to another. The above charge of the Judge is fully sustained by the legal authorities.   See Greenl. Ev., Vol. 2, page 375, and note, with authorities cited; Ib., Vol. 3, page 136.   The rule there laid down is, that even insanity, if it is the *immediate result* of drunkenness, is no excuse for the commission of crime.

VI.   The remaining objection raised by counsel for defendant is one merely of form, and does not affect the merits of the case.

The commencement of the indictment which is merely formal and intended to state the general nature of the offence, while it does not employ the precise language of the statute, is not inconsistent with the body of the indictment, and is not calculated to mislead the defendant as to the offence charged. It styles the offence "an assault with intent to do great bodily harm to one Thomas Callinan," which is the real gist of the

matter, and calculated of itself to draw defendant's attention to the facts really charged. The aggravating circumstance which makes this offence indictable, under the statute—the being armed with a dangerous weapon—and all the facts in relation to the matter necessary to be charged, are fully and clearly set up in the body of the indictment; and from it, as a whole, defendant could not fail to know the precise nature of the offence charged, and the material facts that constitute it in his case. Even though the commencement of the indictment had been incumbered with all the words employed by the statute in defining the offence, the indictment, as a whole, would have been no more explicit or easier to be understood. See Ch. 105, Comp. Stat. Secs. 75, 76 and 77, as to words used to define a public offence; the requisites of an indictment (which are all contained in this); and the immateriality of defects in matters of form, when the substantial rights of the defendant upon the merits are not prejudiced. See also Chitty's Cr. Pl., vol 1, p. 168.

The jury found the defendant "guilty as charged in the indictment." If the indictment is good under the statute, of course the verdict is in proper form, and covers the offence defined by the statute, and the sentence of the court is that provided for by it.

*By the Court*—WILSON, Ch. J.—The plaintiff in error asks for a reversal of the judgment in this case, for insufficiency of the indictment, and errors in the charge and rulings of the court.

No objection was taken to the indictment by demurrer or motion, and therefore none can now be entertained except on the ground that the facts stated do not constitute a public offence, the jurisdiction of the court not being questioned.

The defendant below was charged under Chap. 41 of the Laws of 1964, with an assault with intent to do great bodily harm. That statute provides, that "if any person being armed

State of Minnesota v. Garvey.

with a dangerous weapon, shall assault another with intent to do great bodily harm, he shall be punished," &c. The indictment is as follows: "John Garvey is accused by the Grand Jury of the county of Sibley, by this indictment, of an assault with intent to do great bodily harm to one Thomas Callinan, committed as follows:

" The said John Garvey, heretofore, to-wit, on the twenty-sixth day of September, A. D. 1865, in the county of Sibley, and State of Minnesota, then and there being armed with a deadly and dangerous weapon, which he then and there in his right hand held, to-wit, a pistol known as a navy revolver, then and there loaded with powder and ball, did feloniously, willfully, deliberately and premeditatedly, and without authority of law, and of his malice aforethought, make an assault on the said Thomas Callinan, inflicting a severe wound in the left breast of him Thomas Callinan, with intent, then and there, with the said pistol aforesaid, so loaded as aforesaid, feloniously, willfully, deliberately and premeditatedly, and without authority of law, and of his malice aforethought, to do great bodily harm to him the said Thomas Callinan, and so the jurors aforesaid," &c., &c. The defendant claims that this indictment only charges an aggravated assault, and not an assault with intent to do great bodily harm under the statute. We think this objection untenable. While in naming the offence in the indictment, it is termed an assault with intent to do great bodily harm, without charging that the defendant was at the time armed with a dangerous weapon, yet in the statement of the acts constituting the offence, it is plainly and specifically alleged, that the defendant was thus armed. This is sufficient under our statute. See Secs. 2 and 3, Ch. 105, Comp. Stat.; Sec. 12, sub. 6 and 7, Ib.; Sec. 13, Ib.; *State v. Hinkley*, 4 Minn. 357–8.

On the trial the court instructed the jury "that the averments of 'feloniously, willfully, deliberately and premeditatedly,' and the words 'malice aforethought,' were surplusage,

and need not have been averred in the indictment;" which ruling was excepted to, and is here urged as a ground of error. Whether the erroneous statement of the court to the jury, as to the requirements or sufficiency of an indictment would be ground for reversing a judgment, it is not necessary for us here to determine, as we think the indictment in this case would be sufficient, after said words and phrases were stricken out. These terms stricken out, the indictment still shows that the defendant, without authority of law, made the assault with intent to do great bodily harm. This shows the willful and criminal character of the act, and when the indictment *shows* that the act charged as the offence is a crime, it will be sufficient, though the adverb "feloniously" or "criminally" is not used. See form of indictments given in the statute.

The use of the terms "deliberately," "premeditatedly," and "malice aforethought," is unnecessary. The indictment is in the words of the statute, which is sufficient. See *People v. Pettit*, 3 John. 511.

Premeditation, except as implied in the *intent* to do great bodily harm, is not necessarily an element of the crime for which the party was indicted.

The counsel for the defendant below asked the court to charge the jury, among other things, that "if the jury believed from the evidence that Garvey was in such a state of mind from any cause, that he did not know what he was doing, they could not rightfully convict of the charge in the indictment." This instruction was given with the qualification, that "if the defendant did not know what he was doing from being in a state of insensibility, the jury could not convict, but *otherwise* if from excitement or madness, the immediate consequence of indulgence in strong drink." It does not appear that Garvey became intoxicated with a view to the commission of the crime, or that before his intoxication he had any intention of committing such crime. The existence or non-existence of the malicious and felonious *intent* charged, was the principal

question to be passed upon by the jury.  If Garvey was so drunk as "*not to know what he was doing,*" then he had no intention; he was incapable of forming any intention, and any evidence showing this fact should have been admitted by the court.  *Regina v. Cruse,* 8 C. & P., 541; *Peyman v. State,* 14 Ohio, 555.

Such intention must *in fact* exist to justify a conviction under the statute of 1864.  The charge of the court in this respect, was therefore we think erroneous. · It is not pretended that intoxication is in any case an *excuse* for crime, but when the *intention* of the party is an element of the crime, insanity of any kind, or from any cause, which renders the party incapable of forming any intention, and which is not voluntarily induced with a view to the commission of a crime while in that state, may be given in evidence to show that he is not guilty of the specific crime with which he is charged. It would not follow, because the accused was in this case intoxicated, that he did not intend great bodily harm to Callinan; he may have been intoxicated and still acted with this criminal intent.   This was for the jury to decide from all the evidence in the case. ·

The prosecuting witness was asked on the cross-examination, whether he believed at the time the shot was fired Garvey intended to shoot him?  The answer to this question was objected to, and the objection sustained by the court.  From the evidence before us it does not appear that there was any error in this ruling.   The prosecuting witness does not appear to have had any better means of judging as to Garvey's intentions than the jury, and if so, his opinion on the point would not have been competent evidence.

The judgment below is reversed, and new trial ordered.