[No. 20820.   In Bank. — November 21, 1891.]

## THE PEOPLE, RESPONDENT, v. HONG QUIN MOON, APPELLANT.

CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES — EVIDENCE — INDUCEMENT OF PROSECUTOR. — Upon the trial of a defendant charged with the crime of obtaining money under false pretenses, while the testimony of the prosecutor is, ordinarily, the best evidence of the effect which the alleged statements had upon him, it is not essential to a conviction that he should testify expressly that the false pretenses induced him to act as he did; but the jury may be satisfied on the testimony of others, and from all the circumstances in the case, that the representations did induce the prosecutor to turn over the property to the defendant.

ID. — APPEAL — REVIEW OF EVIDENCE — CONFLICT — PREPONDERANCE. — Where there is a substantial conflict in the evidence, it cannot be held, upon appeal, that the evidence is insufficient to support a verdict of conviction, although the evidence seems to preponderate in favor of the defendant.

ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — CUMULATIVE PROOF — STATEMENTS OF PROSECUTING WITNESS. — It is not error to refuse the defendant a new trial on the ground of newly discovered evidence, where the witnesses for the defendant testified at the trial to substantially the same matters set forth in the affidavit on motion for new trial, the only

difference being that statements of the prosecuting witness were made since the trial, of the same character as those testified to at the trial as having been previously made.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from orders denying a motion in arrest of judgment, and denying a new trial.

The facts are stated in the opinion of the court, and in the dissenting opinion of Justice Paterson.

*Lucas F. Smith,* for Appellant.

*Attorney-General Hart,* and *Carl E. Lindsay,* for Respondent.

The COURT. — The defendant was charged with having obtained from one Dong Toy the sum of $150, by means of false and fraudulent pretenses and representations.

The information is sufficient, and there were no errors in the instructions of the court. The jury were instructed that before the defendant could be convicted it must be shown beyond a reasonable doubt that the representations alleged were false, and made with intent to defraud Dong Toy, and that they induced him to part with his money. Dong Toy did not testify that he believed the alleged statement of the defendant, or that it induced him to pay over the money; but in cases of this kind, while the testimony of the prosecutor is, ordinarily, the best evidence of the effect which the alleged statements had upon him, it is not essential to a conviction that he should testify expressly that the false pretenses induced him to act as he did. The jury may be fully satisfied on the testimony of others, and from all the circumstances in the case, that the representations did induce him to turn over the property to the defendant. (*State* v. *Thatcher,* 35 N. J. L. 449.)

Although the evidence seems to preponderate in favor of the defendant, there is a substantial conflict, and it cannot, therefore, be said that the evidence is insufficient to support the verdict.

The court did not err in its refusal to grant a new

trial on the ground of newly discovered evidence. The witnesses for the defendant testified at the trial to substantially the same matters set forth in the affidavit on motion for a new trial, the only difference being that the statements of the prosecuting witness, testified to by the witnesses at the trial, were made in November, 1890, and those referred to in the affidavits were made subsequent to the trial.

The judgment and orders appealed from are affirmed.

PATERSON, J., dissenting. — I am unable to concur in the order affirming the judgment. While it is true that in cases of this kind the jury may be satisfied from the testimony of witnesses other than the prosecutor, or from all the circumstances in the case, that the representations induced the injured party to part with his property, yet the fact is one which, like every other element in a criminal offense, must be proved beyond a reasonable doubt. In this case the evidence is so overwhelmingly in favor of the defendant, not only upon that matter, but upon the question as to whether or not the representations alleged were in fact made, that I think the judgment of conviction ought not to be permitted to stand. There are no circumstances, except the fact that money was paid to the defendant, tending to show that he was induced by defendant's representations to pay the money. The evidence tended strongly to show that Dong Toy had lent the defendant the sum of forty dollars, and upon the refusal of the latter to pay him that amount, had resorted to criminal proceedings to coerce payment. He sued the defendant in the justice's court for $150, and attached the laundry he claims to have purchased. Although he visited the laundry at the time he claims to have made the purchase, December 6th, and again several days after the purchase, when he conversed with Hong Sing, one of the proprietors of the laundry, he made no claim thereto. I do not lose sight of the rule, so often applied here, that this court will not interfere where there is a substantial conflict in the evidence; but

after reading the statement of the evidence contained in the record, several times, I am unable to see how the jurors, giving to the evidence that fair and impartial consideration which is due in every criminal case, could say they had an abiding conviction as to the guilt of the defendant,—that his guilt was established to a moral certainty, beyond a reasonable doubt.