STATE v. THOMAS J. PIERCE.[1]

December 20, 1901.

Nos. 12,844—(25).

**Abortion—Use of Instruments—Opinion of Witness.**
    The defendant, a physician, was convicted of the crime of abortion, and the principal and vital question at the trial was whether he used instruments upon the person of the complaining witness, and gave her medicines, with an intent to bring about a premature delivery, or for

[1] Reported in 88 N. W. 417.

the purpose of treating her for a venereal disease; the use of instruments and the giving of medicines being admitted. Against the objections of defendant's counsel the trial court permitted this witness to express her opinions or conclusions as to the purpose for and intent with which the instruments were used and the medicines furnished. *Held*, that this was prejudicial error, for which the verdict of conviction must be set aside.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Reversed.

*J. B. Richards*, for appellant.

*W. B. Douglas*, Attorney General, *J. M. McClintock*, County Attorney, and *T. H. Salmon*, for the State.

COLLINS, J.

The defendant was convicted at the city of Duluth of the crime of abortion, and from an order denying his motion for a new trial appeals to this court.

There are several assignments of error, but of these two only, and of the same nature, need be considered, for we regard both as well taken,—that the rulings thereby questioned were noticeably prejudicial; and, as a result, a new trial must be had.

The facts necessary to a discussion of these assignments may be thus stated: Vinnie Norberg, an unmarried woman and pregnant, visited the defendant, a practicing physician in said city, for the purpose, as she claims, of ascertaining where she could go for care and shelter when about to be confined, some two or three months in the future. She testified that defendant then advised her to produce a premature delivery by means of an operation, which he could and would perform. It is undisputed that two days later the doctor used some instruments upon her, and gave her medicine, —a liquid contained in a bottle and some tablets in a box; that she paid him $25 for the services; and that some ten days afterwards she aborted.

It was the contention of the state, at the trial, that the instruments in question were used and the medicine prescribed for the express purpose of producing a premature delivery, while it was claimed on the part of the defendant, who testified in his own

behalf, that he used the instruments and gave the medicine for another and perfectly proper purpose, namely, to cure her of a venereal disease. The woman did not pretend to know, nor was she able to describe, the kind of instruments used, but she knew that he used instruments, and that he gave her the liquid and the tablets. The defendant's testimony was to the effect that he made an examination of the woman after she had informed him that she was in trouble; that he positively refused to comply with her demand that he operate for the purpose of producing a premature delivery; that he examined her solely to ascertain the nature of a disease she had, properly using a speculum for such examination; that he diagnosed this disease as gonorrhea, and treated her therefor, and for nothing else, by cleansing the vaginal passage and the mouth of the womb with a preparation known as "benzol thymol," diluted, using dressing forceps for that purpose; that he then applied absorbent cotton, and also gave her, to be taken internally and solely for this disease, certain proprietary medicines,—all of the treatment being legitimate in cases of gonorrhea. The defendant denied positively that he operated upon the woman with any instruments which would produce a delivery of the fetus, or that he gave her medicine for that purpose, or in any manner attempted to bring about such a condition.

It will be seen that the controversy at this point was sharp and clearly defined. The state contended that the instruments were adapted to, and were used with an intent to, commit the crime of abortion, while the defense insisted that they were used for the purpose of curing the complaining witness of a venereal disease, and without a criminal intent; so that the vital question in the case, as it was then presented to the jury, was, for what purpose did the defendant use instruments and prescribe this medicine? Was it with an intent to violate the law, or in the legitimate practice of an honorable profession? After the woman had testified as to the use of instruments upon her person, she was asked this question by counsel for the state: "Why was he operating upon you, if you know?" This was objected to by the defendant's counsel as incompetent, irrelevant, and immaterial, and calling for an opinion and conclusion. The court overruled the objection, and

permitted the witness to answer, "So that I should have a miscarriage." Immediately afterwards counsel asked this question, "Was that the reason that medicine was given to you also by the doctor?" This question was also objected to for the same reasons, the objection overruled, and the witness permitted to answer, "Yes, sir."

It is obvious that in overruling the objections to these questions the trial court erred, and in receiving the answers admitted evidence of a very serious and damaging character to defendant. The questions were directed to the vital and principal issue in the case, as then presented by the testimony, namely, the object, purpose, and intent of the defendant when using the instruments and when giving medicines, and the answers went directly and forcefully to this issue. They called for the witness' opinion or conclusion as to what defendant intended. It was his right to have this intent determined from the facts proven, independently of the opinion or conclusion of the woman as to what he might have intended. His intent was to be determined from what was done, and not by what the woman thought as to his purpose or object when he treated her. The answers given to the questions were not statements of evidentiary facts, but simply opinions and conclusions as to the existence of a vital fact, and they were not relevant thereto. If the complaining witness could be allowed, in aid of conviction, to express an opinion to the effect that defendant intended to produce a miscarriage, she could have been allowed for the same reasons, and on the same grounds, and to facilitate an acquittal, to express an opinion that he simply treated her for gonorrhea. The impropriety of such testimony is very evident. That the answers strongly tended to prejudice the defendant's case in the minds of the jurors is manifest.

Our conclusion upon the assignments of error relating to the rulings of the court, above considered, renders further discussion of the case unnecessary.

The order denying a new trial is reversed, and the case remanded for a new trial.