## STATE v. ROY H. BENHAM.[1]

June 18, 1926.

No. 25,317.

**Indictment for grand larceny sufficient.**

Under G. S. 1923, § 10358, a person may be indicted by a grand jury for having defrauded another by false pretense, when the ingredient of the offense is that such representations have been believed and relied upon, even though the person victimized may not have been a witness before that body.

Upon examination of the record it is *held*:

(1) That the indictment states facts sufficient to constitute an offense.

(2) That the indictment states but one offense.

Indictments and Informations, 31 C. J. p. 585 n. 48.
Larceny, 36 C. J. p. 810 n. 3.

See note in 49 L. R. A. (N. S.) 574.

Defendant's demurrer to the indictment charging him in the district court for Hennepin county with grand larceny in the first degree was overruled, Salmon, J., and certain questions involved were certified. Affirmed.

*Murphy & Johanson* and *Herbert T. Park*, for defendant.

*Clifford L. Hilton*, Attorney General, and *Floyd B. Olson*, County Attorney, for the state.

WILSON, C. J.

The indictment charges defendant with the crime of grand larceny in the first degree arising out of the sale of a small tract of land in the territory known as Argonne Farms in Dakota county to one Beal. It is alleged that defendant falsely and fraudulently made the following representations concerning the land:

That it "contained * * * black loam * * * that the said tract or parcel of land contained soil that was of great productivity

[1]Reported in 209 N. W. 633.

for the raising of crops of grain and vegetables of all kinds; that it was possible to raise five hundred (500) bushels of onions per acre * * *; that there was no growth known as quack grass in or on the said soil * * * that numerous crops of onions averaging five hundred (500) bushels per acre had been raised upon tracts adjacent and contiguous * * * which said adjacent and contiguous lot or tract contained soil similar in kind * * * and quality * * * that there was no sand or gravel in or as part of the upper soil * * * which would and could be used for the growing of crops * * * that there were no stones or rocks on or in the upper strata of soil * * * that land adjacent, adjoining and contiguous was of the value of and had been sold by owners thereof for various sums ranging as high as three hundred and fifty dollars ($350.00) per acre."

The indictment alleges that Beal believed and relied upon such representations, paid to defendant $105 and entered into a contract for deed binding himself to pay to defendant the further sum of $754.05 and that such obligation was of that value and that said sum was thereafter paid by Beal to defendant who obtained from said Beal in the aggregate the sum of $859.05 and it alleged that all of said representations were untrue.

The trial court denied a motion to quash the indictment and overruled a demurrer thereto and then certified certain questions involved to this court.

The indictment discloses the names of Fred Bungert, Emil Johnson and Fred Jensen as the witnesses examined before the grand jury in finding the indictment. Beal was not a witness before the grand jury. Question No. 4 certified to this court is this:

"(4) In the absence from the Grand Jury room of Clifton O. Beal could or was, legal and competent evidence produced from other source to prove or tend to establish the essential allegations of said indictment?"

The statute, G. S. 1923, § 10622, provides that the grand jury "shall receive none but legal evidence and the best in degree to the

exclusion of hearsay * * * except when such evidence would be admissible on the trial of the accused for the offense charged." G. S. 1923, § 10685, provides that the indictment shall be set aside upon motion of the defendant when it shall not be found, indorsed and presented as prescribed in the statute.

It is urged in support of the motion to set aside that the grand jury could have had no competent evidence to establish the fact that Beal believed and relied upon the false representations of the defendant and he invokes the rule that whenever motive, belief, knowledge, intention or understanding of a person is relevant he may testify directly thereto but one person cannot testify as to another person's intention, motive, belief, etc. Dun. Dig. § 3231; Berkey v. Judd, 22 Minn. 287; Bank of Commerce v. Selden, 1 Minn. 251 (340); State v. Garvey, 11 Minn. 95 (154); State v. Pierce, 85 Minn. 101, 102, 88 N. W. 417; Jones, Ev. (1912 Pocket ed.) § 170. The statute however does not include insufficiency of the evidence as a ground upon which the court may set aside an indictment. Upon an analogous question we have held that an indictment will not be set aside because it appears that the grand jury received incompetent evidence. State v. Marshall, 140 Minn. 363, 168 N. W. 174. We have no difficulty in reaching the conclusion that the grand or petit jury could hear witnesses who heard the talk between the accused and Beal coupled with the immediate consummation of the contract and be justified in drawing the inference that Beal believed and relied upon the false representation. The admission or confession alone of defendant might be sufficient to establish defendant's guilt or at least furnish the degree of proof which would justify finding an indictment. People v. Hong Quin Moon, 92 Cal. 41, 27 Pac. 1096; People v. Bowman, 24 Cal. App. 781, 142 Pac. 495; State v. Dines, 206 Mo. 649, 105 S. W. 722. In cases of this character reliance upon the false representations may be inferred from other facts and circumstances in the case which may be disclosed by persons other than the one victimized. Question No. 4 is answered in the affirmative. The motion was properly denied. The concession made by the state upon the trial that Beal was not a witness before

the grand jury renders the certified questions Nos. 1, 2 and 3 unimportant.

The questions incident to the demurrer require a consideration of whether the facts stated in the indictment constitute a public offense and whether more than one offense is therein stated. The indictment rests upon G. S. 1923, § 10358, which for the purposes of this case is as follows:

"Every person who, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person * * * shall * * * obtain from such possession [of the true owner, or of any other person], by color or aid of fraudulent or false representation or pretense, * * * steals such property, and shall be guilty of larceny."

All that is necessary at this time is to determine whether the indictment as a pleading will permit proof of facts constituting the offense alleged.

Statements as to the amount of onions which had been grown on similar adjoining land, and the statement that the adjacent land containing soil similar in kind and quality was of the value of and had been sold by owners thereof for various sums ranging as high as $350 per acre, related to past and existing material facts and doubtless could be the basis of fraudulent or false representation or pretense. Relative to the alleged false statement as to value, we may properly say, as the matter is now before us, that under some circumstances statements as to value may be sufficient to constitute the offense alleged. The indictment does not disclose and it need not whether Beal was a stranger to the land in question, whether he was in a position to know or ascertain its value or quality or whether he had an opportunity to see the land. The circumstances and conditions under which a representation of a distinct statement of fact as to value may be a fraud are matters of proof and not of pleading. The law has been recently stated in Follingstad v. Syverson, 166 Minn. 457, 208 N. W. 200. See also State v. Thaden, 43 Minn. 325, 45 N. W. 614. Under the proofs it may be a fraud and

it may not. If the indictment contains a single false representation as to an existing or past material fact designedly made for the purpose mentioned in the statute, it is sufficient against the demurrer. Our conclusion is that the allegations of the indictment will permit proof of facts which may constitute the offense alleged. It is therefore sufficient.

The indictment states but a single offense. Its consummation was complete upon the execution of the contract and the making of the initial payment. The subsequent payment of the valid contractual obligation is important as bearing upon the commission of the offense and it cannot be treated as a separate crime.

Affirmed.