STATE of Minnesota, Respondent,

v.

Karen Hazel BENNETT, a.k.a. Karen Hazel Kreidler, Appellant.

No. 47655.

Supreme Court of Minnesota.

Oct. 7, 1977.

896

Paul H. Ray, Plymouth, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before ROGOSHESKE, KELLY and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Defendant appeals from a judgment of conviction on two counts of prostitution. We affirm.

On the evening of January 4, 1977, Sgt. Mark Jessen, a member of the St. Paul Police Department Vice Squad, visited the Red Carpet Sauna in St. Paul. He selected a shower, sauna, and a water-bed massage from a posted list of services. After taking a shower and sauna, Sgt. Jessen went to the water-bed room and was given a massage by defendant. After the massage was completed, defendant asked Sgt. Jessen: "Would there be anything else?" He replied, "What else is there?" She answered, "Anything you want." Sgt. Jessen testified that he interpreted her statement to mean that sexual services were available. Defendant testified that by "anything" she meant another massage, some coffee, or another shower.

Defendant and Sgt. Jessen, the only witnesses at trial, testified to differing versions of the remainder of their conversation. Sgt. Jessen testified that defendant gave him the prices charged for three different sexual activities which included sexual intercourse and sodomy. Defendant denied making these statements. After this conversation, defendant left the room and Sgt. Jessen took a shower, dressed, and left. It was within the jury's province to credit Sgt. Jessen's story and discount defendant's.

Minn.St. 609.32, subd. 4, provides: "Whoever intentionally does any of the following may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both: (1) Engages in prostitution * * *." " 'Prostitution' means engaging or *offering* or agreeing to engage for hire in sexual intercourse, as defined in section 609.29,[1] or sodomy as defined in section 609.293, subdivision 1." Minn.St.1976, § 609.32, subd. 1(1). (Italics supplied.) Defendant was charged with and convicted of offering to engage for hire in sexual intercourse (count I) and in sodomy (count II) with Sgt. Jessen. She was sentenced to 90 days in the Ramsey County jail.

Defendant raises two issues of substance on appeal:

(1) Was the evidence sufficient to support the conviction?

(2) Did the trial court abuse its discretion in permitting Sgt. Jessen to give opinions concerning the meanings of defendant's statements?

Defendant argues that the evidence was insufficient to support her conviction. By defining an offer to engage for hire in intercourse or sodomy as illegal conduct, the statute requires neither completed sexual conduct[2] nor a substantial act in furtherance of the endeavor.[3] But because it proscribes inchoate activity, the statute is likely to be applied to conduct which is in some degree ambiguous. Two principles are in tension here. First, to prevent ready circumvention of the statute, the offer need not be express or in the language of the statute, but may be implied from the words and actions of the defendant taken in context. Annotation, 77 A.L.R.3d 519, § 15; accord, *State v. Armstrong*, 282 Minn. 39, 45, 162 N.W.2d 357, 361 (1968); *City of Minneapolis v. Price*, 280 Minn. 429, 159 N.W.2d 776 (1968) (dictum). Secondly, however, in these situations the danger exists that the defendant's offer is innocent or ambiguous. The evidence must demonstrate, beyond a reasonable doubt, the defendant's intent to engage for hire in sexual activity. Accord, *State v. Duggan*, 291 Minn. 422, 192 N.W.2d 185 (1971). Mere suspicion by the arresting officer is insufficient. Id.

In the first part of the conversation, defendant offered Sgt. Jessen anything he wanted. The officer took this to mean sexual favors, defendant testified she intended more sundry items. At this juncture, defendant's conduct was too ambiguous to justify conviction.[4] But the conversation continued, and defendant told Sgt. Jessen the prices of various sexual practices so that he would be aware of them on his next visit. Defendant's explicit cataloging of available services is sufficient evidence of an offering and her intent to support her conviction. See, Annotation, 77 A.L.R.3d 519, §§ 21(b), 24. The absence of an accompanying profferal of sexual services does not alter the result, for the statute proscribes not attempts but offers.

Defendant also objected to the admission of Sgt. Jessen's characterizations of her re-

1. Minn.St.1974, § 609.29, was repealed by L.1975, c. 374, § 13. Although the statute thus lacked a current statutory definition of "sexual intercourse," it nevertheless gave sufficient warning of the conduct it proscribed to satisfy a due process objection to defendant's conviction based on this omission. E. g., *Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975); *State v. Larson Transfer & Storage, Inc.*, Minn., 246 N.W.2d 176 (1976). Minn.St. 1976, § 609.32, subd. 1, was amended by L.1977, c. 130, § 5, to provide a current definition.

2. Accord, *Wilson v. State*, 258 Ind. 3, 278 N.E.2d 569, certiorari denied, 408 U.S. 928, 92 S.Ct. 2494, 33 L.Ed.2d 341 (1972).

3. Compare, *Adams v. Commonwealth*, 215 Va. 257, 208 S.E.2d 742 (1974).

4. In *Williams v. United States*, 71 App.D.C. 377, 110 F.2d 554 (1940). the defendant had approached a police officer in a car, asked if he wanted a "date," entered the car, and asked if he wanted to drive and talk. The court found this evidence at worst ambiguous as to solicitation and, relying on the insufficiency of the evidence as an alternative ground, reversed the conviction. Accord, *Shannon v. United States*, 311 A.2d 501 (D.C.App.1973).

marks. Sgt. Jessen testified that when defendant stated he could have anything he wanted, he interpreted her remarks to mean that sexual services would be available. He had a similar opinion of defendant's statement that the prices would surprise him. Defendant does not challenge the qualifications of the officer to render his opinion, instead she argues that the opinions impermissibly described her subjective intent.

Although a trial judge possesses a wide range of discretion in admitting opinion evidence, "it is well established that a witness is not permitted to give a conclusionary opinion or impression upon such a crucial issue as the subjective intention or knowledge of an accused in a case such as this because the witness 'could not know of his own knowledge what another *knew.*'" *State v. Hines*, 270 Minn. 30, 37, 133 N.W.2d 371, 376 (1964). Accord, *State v. Pierce*, 85 Minn. 101, 88 N.W. 417 (1901); *State v. Garvey*, 11 Minn. 154 (Gil 95) (1866). Sgt. Jessen did not testify as to defendant's intent when he characterized her statements, instead he testified as to the meaning they conveyed to him in the circumstances. His testimony therefore was not based on something beyond his knowledge and was properly admissible. *Wiley v. United States*, 257 F.2d 900, 906 (8 Cir. 1958); *Batsell v. United States*, 217 F.2d 257 (8 Cir. 1954); *James Bakalis & Nickie Bakalis, Inc. v. Simonson*, 140 App.D.C. 241, 244, Note 5, 434 F.2d 515, 518 (1970). Nor does the fact that Sgt. Jessen's testimony impinged on an ultimate issue mandate its exclusion. " 'An expert may give his opinion if based upon a factual foundation supported by the evidence, even though it directly bears on the issue to be determined by the jury.'" *State v. Smith*, 295 Minn. 65, 70, 203 N.W.2d 348, 352 (1972).

We have examined defendant's other contentions of error and found them to be without merit.

Affirmed.

WAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.