*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1545**

State of Minnesota,
Respondent,

vs.

Jeffrey Harris Wilensky,
Appellant.

**Filed June 13, 2016**
**Reversed**
**Stauber, Judge**

St. Louis County District Court
File No. 69DU-CR-15-883

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Victoria D. Wanta, Assistant County Attorney, Duluth, Minnesota (for respondent)

Hillary B. Parsons, Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant challenges his gross-misdemeanor conviction of patronizing a prostitute in a public place. Because the evidence is insufficient to prove beyond a reasonable

doubt that appellant agreed or offered to engage in sexual contact or penetration, we reverse.

## FACTS

The Lake Superior Drug and Violent Crimes Task Force organized a prostitution sting at the Econolodge Motel in Hermantown.  The task force posted the following advertisement on an internet website:

> Hey Guys>>>>looking for a fun erotic safe time??? BOOTYfull BuSTy BlOnde and CURVey ReDheaD.  AsK about our 2 GIRL SpeCialS . . . enjoy a playful, "sin"sational experience that you won't forget !!  So what are you waiting for?????  In call Only 80 1/2 120 hour 100% Discreet Only serious inquiries only, NO law enforcement or police allowed to call this ad!!

On March 18, 2015, appellant Jeffrey Harris Wilensky, responded to the advertisement, and following text-message communications with undercover investigators, arrived at the Econolodge Motel.  An undercover investigator walked appellant to a room, where he met two undercover female investigators who were posing as prostitutes; neither of the investigators was dressed provocatively.

During the discussion that ensued between the female investigators and appellant, he described himself as "extremely tame," expressed interest in "both girls," and stated that in the past he had "only gotten body rubs, that kind of thing."  Because he claimed to have only $85 with him, he could afford only one woman and said that they could choose which one would be with him.  When asked what service he wanted, appellant said, "[J]ust a body rub, and maybe see."  At no time did appellant explicitly ask for sexual contact or agree to it.  But when asked whether he brought his own condoms if he later

2

decided he wanted more than a body rub, appellant replied that he had not. At this point, appellant was arrested.

The district court denied appellant's motion to dismiss the complaint for lack of probable cause. Appellant then agreed to a bench trial on stipulated facts and was found guilty. The district court rejected appellant's claim that there was no express or implied agreement that appellant would pay money for sex acts, stating that appellant's argument was "contrary to the reasonable inferences that can be drawn from the essential facts." Following sentencing, appellant sought further review in this court.

## D E C I S I O N

It is a gross misdemeanor for a person "while acting as a patron," to intentionally "hire[], offer[] to hire, or agree[] to hire an individual 18 years of age or older to engage in sexual penetration or sexual contact."[1] Minn. Stat. § 609.324, subd. 2(2) (2014). Appellant argues that the stipulated facts are insufficient to prove that he offered or agreed to hire one of the female investigators for sexual contact or penetration.

> In reviewing the sufficiency of evidence in a criminal case, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a [factfinder] could reasonably conclude that the defendant was guilty of the offense charged. We will not disturb the verdict if the [factfinder], acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that a defendant was proven guilty of the

---

[1] Minnesota statutes define the conduct that amounts to sexual contact as "(i) the intentional touching by an individual of a prostitute's intimate parts; or (ii) the intentional touching by a prostitute of another individual's intimate parts." Minn. Stat. § 609.321, subd. 10 (i-ii) (2014).

offense charged. We consider the evidence in the light most favorable to the verdict.

*Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004) (quotations and citations omitted).

Appellant acknowledges that an offer or agreement for sexual contact or penetration may be implied from conduct. Under *State v. Oanes*, 543 N.W.2d 658, 662 (Minn. App. 1996), "[A]n offer [to hire for sexual contact or penetration] need not be explicit, but may be implied by the defendant's words and actions." In construing an earlier prostitution statute, the supreme court considered the types of conduct that may constitute either an explicit or implied offer to engage in sexual contact, stating:

> By defining an offer to engage for hire in intercourse or sodomy as illegal conduct, the statute requires neither completed sexual conduct nor a substantial act in furtherance of the endeavor. But because it proscribes inchoate activity, the statute is likely to be applied to conduct which is in some degree ambiguous. Two principles are in tension here. First, to prevent ready circumvention of the statute, the offer need not be express or in the language of the statute, but may be implied from the words and actions of the defendant taken in context. Secondly, however, in these situations the danger exists that the defendant's offer is innocent or ambiguous. *The evidence must demonstrate, beyond a reasonable doubt, the defendant's intent to engage for hire in sexual activity*. Mere suspicion by the arresting officer is insufficient.

*State v. Bennett*, 258 N.W.2d 895, 897 (Minn. 1977) (emphasis added) (footnotes omitted) (citations omitted). In *Bennett*, the supreme court found that the prostitute's "explicit cataloging of available services" was sufficient to prove an offer of sexual conduct for hire, stating that "[t]he absence of an accompanying profferal of sexual services does not alter the result, for the statute proscribes not attempts but offers." *Id*.

4

Under the facts stipulated to by the parties, we must determine whether the evidence is sufficient to prove beyond a reasonable doubt that appellant offered to or agreed to hire one of the female investigators for sexual contact. The advertisement that drew appellant to the motel may suggest an erotic experience but does not include an explicit offer of sexual contact. Once appellant arrived at the motel, he stated to the modestly dressed investigators that his past experiences included only "body rubs, that kind of thing," and that he wanted a body rub, and "maybe see." The crucial "maybe see" statement is ambiguous. When viewed in context, this language could refer to non-sexual conduct, such as a specialized massage, or could possibly refer to sexual contact. As such, the statement is far too indefinite to establish beyond a reasonable doubt that appellant intended to agree to or make an offer of sexual contact.

Finally, when asked whether he had a condom if he decided he wanted more than just a body rub, appellant replied that he did not. This response also suggests that appellant did not plan on sexual contact, and does not appear to modify his agreement to receive only a body rub. While reference to a condom may suggest sexual activity, the implication of appellant's answer that he did not have a condom is also too ambiguous to allow a clear inference that he would need one and insufficient to alter the indefiniteness of his "maybe see" statement.[2]

---

[2] Appellant asks this court to apply a heightened standard of review, rather than the harmless-error standard. Because we are reversing appellant's conviction, we do not reach this issue.

5

By our decision today, we do not mean to diminish the seriousness of sexual trafficking or prostitution.  Nevertheless, we are obligated to follow the law.

**Reversed.**