**STATE of Minnesota, Appellant,**

v.

**John D. HUDDOCK, Respondent.**

**No. C8–87–626.**

Court of Appeals of Minnesota.

June 30, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Trevor R. Walsten, Krass & Monroe Chartered, Shakopee, for appellant.

David J. VanHouse, Adams & Atkinson, Bloomington, for respondent.

Heard, considered and decided by LESLIE, P.J., SEDGWICK and LANSING, JJ.

## OPINION

LESLIE, Judge.

The State of Minnesota appeals a pre-trial order dismissing a criminal complaint against respondent John D. Huddock. The trial court dismissed the complaint for denial of Huddock's right to a speedy trial due to a two year delay. We reverse.

## FACTS

On January 11, 1985 a Savage police officer responded to a complaint that a car was being driven on a residential lawn. The officer trailed and eventually stopped a vehicle being driven by respondent John D. Huddock. A preliminary breath test yielded a "warn" reading, indicating Huddock was possibly intoxicated. The officer arrested Huddock for driving while intoxicated and took him to the police station. At the station an intoxilyzer test registered a reading of .09. Huddock was incarcerated overnight and released the next day.

Apparently due to an administrative delay, the City Attorney's office did not receive the police report until December 1986. The City Attorney decided against charging Huddock with a DWI because Huddock's intoxilyzer reading was below .10. Instead, on December 16, 1986, twenty three months after the date of the alleged offense, the City charged Huddock with reckless driving. On March 23, 1987 Huddock moved to dismiss the charge for denial of his right to a speedy trial. The trial court found the delay was "as a matter of law a deprivation of the rights of" Huddock and granted the motion. The State appeals from the trial court's order.

## ISSUE

Did the trial court err in dismissing the complaint for violation of respondent's Sixth Amendment speedy trial right?

## ANALYSIS

Much of the delay Huddock complains of occurred in the pre-accusation stage of the proceedings. The Sixth Amendment right to a speedy trial does not attach until the defendant in a criminal case has become an "accused." *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). The speedy trial right may attach at the time of arrest. *See Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) (Sixth Amendment right to speedy trial attached at time of arrest even though defendant was not indicted until 22 months after arrest). However, it is not the arrest itself, but rather the criminal charges arising out of the arrest which activate Sixth Amendment protection. *United States v. Carlson*, 697 F.2d 231, 235 (8th Cir.1983) (citing *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982)).

In *Carlson* the defendant was detained for a few hours following his arrest and released. His speedy trial rights were not activated until he was indicted 18 months later. *Carlson*, 697 F.2d at 235–36. In this case Huddock was incarcerated overnight, but no charges were brought against him at that time and he was released. Thus, his Sixth Amendment speedy trial right did not attach until December 16, 1986, when he was charged with reckless driving and became an "accused."

In determining if a defendant has been denied the right to a speedy trial, this court must apply a four step balancing process, considering the length of the delay, the reason for the delay, the defendant's assertion of his right and any prejudice to the defendant. *State v. Helenbolt*, 334 N.W.2d 400, 405 (Minn.1983) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)).

The length of the delay is the threshold issue; without presumptively prejudicial delay, it is unnecessary to inquire into the other factors of the balancing test. *Id.* at 530, 92 S.Ct. 2192. A tolerable delay for an ordinary street crime is "considerably less than for a serious, complex conspiracy charge." *Id.* at 531, 92 S.Ct. at 2192. Three months after his speedy trial rights were activated, Huddock's case had still not been tried and he brought a motion to dismiss. This length of delay, even for a simple traffic offense, is not presumptively prejudicial. Nevertheless, we will assume Huddock has met the threshold issue, and discuss the remaining elements.

The reason for the delay, the second element of the balancing process, is closely related to its length. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. A deliberate delay by the government is weighted heavily, while negligent delays are given less weight. *Id.* at 531, 92 S.Ct. at 2192. In this case there is no evidence of any inten-

tional delays by the State. Yet, "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.*

The State's deficiencies are counterbalanced against the prejudice to Huddock and his assertion of his right to speedy trial. *Id.* Huddock did not assert his right to a speedy trial during the three month delay. Failure to assert the speedy trial right "make[s] it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532, 92 S.Ct. at 2193.

The final factor to consider is whether Huddock has been prejudiced by the delay. Initially we note there are inherent prejudices in every delay. Huddock also claims he no longer owns the car he drove on the night of his arrest and does not know where it is presently located. Thus, he claims he has no opportunity to refute the identification of his car as the car driven on the residential lawn. However, this prejudice is not severe. Huddock can still claim the automobile seen by the homeowner was not his; the State will have the burden of proving otherwise.

In *Barker,* the Supreme Court held a five year trial delay for a murder charge was not a violation of the right to speedy trial. The Supreme Court found that more than four years of the delay was deliberately caused by the prosecution, and that the defendant had spent ten months of those five years in jail awaiting trial. The *Barker* court relied on the fact that the defendant could show little prejudice and had not wanted a speedy trial. The court stated:

> We do not hold that there may never be a situation in which an indictment may be dismissed on speedy trial grounds where the defendant has failed to object to continuances. There may be a situation in which the defendant was represented by incompetent counsel, was severely prejudiced, or even cases in which the continuances were granted *ex parte.* But barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial.

*Id.* at 536, 92 S.Ct. at 2195. There are no extraordinary circumstances in this case and we are therefore "reluctant indeed to rule" Huddock was denied his Sixth Amendment right to a speedy trial.

While Huddock does not specifically address the issue, we note that the due process clause of the Fifth Amendment guards against long delays when the Sixth Amendment right has not attached and the statute of limitations has not yet run. *State v. F.C.R.,* 276 N.W.2d 636, 639 (Minn. 1979). To establish a denial of his Fifth Amendment due process right, Huddock must prove both actual prejudice and an improper state purpose. *Id.* Huddock can not establish either element; his Fifth Amendment due process right was not violated.

On pretrial appeals by the state, the defendant is entitled to an award of attorney fees and costs. Minn.R.Crim.P. 28.04 subd. 2(6). We award Huddock the amount of $2000 for this appeal, to be paid by the County.

## DECISION

The trial court erred in dismissing the complaint for denial of Huddock's right to a speedy trial.

Reversed.