**Hubert H. HUMPHREY, III, Attorney General, State of Minnesota, Petitioner,**

v.

**The Honorable Gordon SHUMAKER, Judge of Ramsey County District Court, Respondent.**

No. C3–94–1265.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Hubert H. Humphrey, III, Atty. Gen., Richard L. Varco, Jr., Asst. Atty. Gen., St. Paul, for petitioner.

Sonja Dunnwald Peterson, Horton & Associates, and Gayle Dixon, Chair, MSBA Human Rights Committee, Minneapolis, for amicus curiae Minnesota State Bar Ass'n Human Rights Committee.

Considered and decided by RANDALL, P.J., and SCHUMACHER and MANSUR, JJ.

## OPINION

MARTIN J. MANSUR, Judge.*

The respondent district court appointed petitioner Hubert H. Humphrey, III, the Minnesota Attorney General, to act as counsel for a private individual suing his former employer for alleged discrimination under the Minnesota Human Rights Act. The Attorney General sought a writ of prohibition in this court. We grant the petition for prohibition.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Jan Reed, a former employee of the Minnesota Historical Society, brought a pro se action in district court alleging that the Historical Society had discriminated against him on the basis of race in violation of the Minnesota Human Rights Act, Minn.Stat. § 363.03 (Supp.1993).

Reed asked that the court appoint an attorney for him pursuant to the following authority:

> Upon application by the complaining party to the district court at a special term and under circumstances the court deems just, the court may appoint an attorney for the person and may authorize the commencement of the action without payment of fees, costs, or security.

Minn.Stat. § 363.14, subd. 1(d) (1992). The court found that Reed appeared to be indigent and that his case appeared complex, warranting the appointment of counsel. The court appointed Attorney General Hubert H. Humphrey, III as counsel for Reed, and directed that the Attorney General select an attorney from his staff to provide the actual representation.

The Attorney General moved to set aside his appointment as counsel for Reed, but the district court denied the motion. The Attorney General thereupon petitioned this court for a writ of prohibition.

## ISSUES

1. Is a petition for prohibition an appropriate method to challenge the district court's appointment of the Attorney General as counsel for Reed?

2. Did the district court exceed its lawful authority by ordering the Attorney General to represent Reed?

## ANALYSIS

■■■ 1. Prohibition will lie where the district court has exercised a power that is unauthorized by law and where the exercise of such power will result in an injury for which no ordinary remedy is adequate. *Hancock–Nelson Mercantile Co., Inc. v. Weisman*, 340 N.W.2d 866, 868 (Minn.App. 1983). In this case, a petition for prohibition is an appropriate method of raising the issue of the Attorney General's appointment because the Attorney General claims such appointment is unauthorized by law and because the ordinary remedy of appeal would be inadequate.[1]

2. The attorney general ordinarily represents the state and its officers, boards, and commissions. Minn.Stat. § 8.06 (1992).

> The attorney general shall appear for the state in all causes in the supreme and federal courts wherein the state is directly interested; also in all civil causes of like nature in all other courts of the state whenever, in the attorney general's opinion, the interests of the state require it.

Minn.Stat. § 8.01 (1992).

The legislature has also authorized the attorney general to represent individual citizens under certain circumstances.[2] Absent such express statutory authority, the courts have recognized that the attorney general may sue on behalf of a citizen when a quasi-sovereign interest is present, or under the

---

1. If the Attorney General were to represent Reed and prevail, the district court could order the Historical Society to pay Reed's attorney fees. Minn.Stat. § 363.14, subd. 3 (1992). Reed would have no reason to appeal and we would be unable to review the issue whether the Attorney General's appointment was appropriate. If the Attorney General were to represent Reed unsuccessfully, it would be difficult, if not inappropriate, for the Attorney General to argue on appeal that he should not have been required to represent his client. Furthermore, whether or not Reed prevailed in district court, the Attorney General would have expended significant time, as well as funds, without a final decision on his responsibilities in matters of this nature.

2. *See, e.g.* Minn.Stat. § 8.14 (1992) (declaring that the attorney general must represent an individual taxpayer as an authorized representative of a class of taxpayers challenging certain state expenditures); Minn.Stat. § 197.481, subd. 7 (1992) (mandating that the attorney general must represent veterans on appeal of certain favorable decisions under the Veterans Preference Act); Minn.Stat. § 196.26 (1992) (providing that the Commissioner of Veterans Affairs may request attorney general to represent a class of veterans who claim exposure to Agent Orange); Minn. Stat. § 518C.23 (1992) (stating attorney general may represent certain obligees in RURESA proceedings).

doctrine of parens patriae. *State v. Ri–Mel, Inc.,* 417 N.W.2d 102, 112 (Minn.App.1987).

■ In the present case, the state undoubtedly has an interest in protecting its citizens against discrimination. The state has recognized this interest by establishing a human rights department and by establishing procedures and remedies for individuals claiming discrimination. But although the attorney general may be authorized to bring a civil action on behalf of an individual alleging discrimination, that does not mean the district court may require the attorney general to do so.

■ The provision in the Human Rights Act governing court-appointed counsel states only that the court may appoint "an attorney" under circumstances the court deems just. Minn.Stat. § 363.14, subd. 1(d) (1992). Amicus curiae argues that this provision constitutes legislative authority for the district court to appoint the attorney general to represent an individual suing for discrimination. We disagree.

If the legislature had intended to allow courts to appoint the attorney general, we believe the legislature would have so stated. Chapter 363, as promulgated by the legislature, specifically provides for the attorney general's representation of the Department and/or individual charging parties under certain circumstances. For example, if an individual files a charge with the Department and the Commissioner finds probable cause to believe that discrimination has occurred, an administrative law judge (ALJ) may conduct a contested case hearing or the Commissioner may sue in district court. Minn. Stat. § 363.071, subd. 1 (1992); § 363.14, subd. 1. During those proceedings, whether administrative or judicial, the attorney general represents the Commissioner. Minn. Stat. § 363.121 (1992). Communications between the attorney general and the charging party are privileged as between attorney and client. *Id.* Thus, in essence, the Commissioner takes over the case for the charging party, and the attorney general, as the Commissioner's attorney, also represents the charging party.

If an individual files a charge with the Department, but within 180 days the Commissioner makes no finding of either probable cause or no probable cause to believe that discrimination has occurred, the charging party is entitled to a hearing before an ALJ. Minn.Stat. § 363.071, subd. 1a (1992). If the party prevails at the hearing and the respondent appeals, the attorney general must represent the charging party, upon request. Minn.Stat. § 363.072 (1992).

In light of the specific references to the attorney general throughout chapter 363, we conclude that the legislature, if it wished, would have provided that the district court could appoint the attorney general directly to represent individuals suing in district court. The legislature did not do so, and we will not read into the statute a provision that does not exist in the statute itself. *See* Minn.Stat. § 645.16 (1992) ("The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature.").

We note that the legislature has specifically authorized the Department (represented by the attorney general) to intervene in a civil action brought by an individual "upon certification that the case is of general public importance." Minn.Stat. § 363.14, subd. 1(e) (1992). This suggests a legislative intent that the attorney general need not be involved in civil actions brought by individuals absent "certification that the case is of general public importance."

The legislature has stated that it "intends to favor the public interest as against any private interest." Minn.Stat. § 645.17(5) (1992). This language suggests that the attorney general, whose time and funds are not unlimited, should focus on his or her duties to represent the public and should not be ordered to represent individual plaintiffs in district court. *See Humphrey v. McLaren,* 402 N.W.2d 535, 543 (Minn.1987) (holding that attorney general is attorney for the public, and "must take positions with the common public good in mind, unlike the private practitioner who seeks vindication of a particular result for a particular client.").

Absent express legislative or constitutional authority, the district court's appointment of

the attorney general raises separation of powers concerns. The Minnesota Constitution provides:

> The powers of government shall be divided into three distinct departments: legislative, executive, and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

Minn. Const. art. III, § 1.

The attorney general is a member of the executive department, whose duties "shall be prescribed by law." Minn. Const. art. V, §§ 1, 4. The courts have consistently stated that the judicial branch cannot control officers of the executive branch in the performance of their official duties. *See State v. Dike,* 20 Minn. 363 (Gil. 314) (dismissing mandamus proceeding against state treasurer and secretary of state, citing fact that executive and judicial departments are distinct and independent of one another); *Secombe v. Kittelson,* 29 Minn. 555, 561, 12 N.W. 519, 522 (1882) (citing "settled law of this state" that an executive officer is not subject to control or interference of the judiciary); *State ex rel. Birkeland v. Christianson,* 179 Minn. 337, 345, 229 N.W. 313, 316 (1930) (citing the rule that the courts cannot, by injunction or mandamus, control or direct the head of an executive department in the discharge of any executive duty involving the exercise of his discretion).

The courts have refused to control the attorney general's decision whether or not to litigate an action. In *State ex rel. Peterson v. City of Fraser,* 191 Minn. 427, 431, 254 N.W. 776, 778 (1934), it was suggested that the attorney general did not providently institute a proceeding. The court replied:

> [I]nasmuch as the Attorney General in his discretion decided that he should proceed, there is nothing for any court to pass upon as to the necessity for or policy of proceeding. In that field, the discretion of the Attorney General is plenary. He is a constitutional officer * * * and, as such, the head of the state's legal department. His discretion as to what litigation shall or shall not be instituted by him is beyond the

control of any other officer or department of the state.

*Id.* at 432, 254 N.W. at 778–79. In *Slezak v. Ousdigian,* the court stated:

> The attorney general is the chief law officer of the state. His powers are not limited to those granted by statute but include extensive common-law powers inherent in his office. He may institute, conduct, and maintain all such actions and proceedings as he deems necessary * * * and the courts will not control the discretionary power of the attorney general in conducting litigation for the state.

260 Minn. 303, 308, 110 N.W.2d 1, 5 (1961).

Amicus curiae argues that the separation of powers doctrine is not applicable here because the attorney general's representation of a client is a ministerial, rather than a discretionary function. *See In re Death of VanSlooten,* 424 N.W.2d 576, 578 (Minn.App. 1988) ("[T]he courts do have authority over executive officials in the exercise of purely ministerial functions."). In *VanSlooten,* however, the court recognized that a prosecutor's decision whether and how to prosecute is a discretionary function protected by the separation of powers doctrine. *Id.* at 578–79.

Accordingly, we conclude that the district court did not have the authority to appoint the Attorney General to represent Reed in his individual action for discrimination. We recognize the dilemma posed by our decision. The legislature has not indicated how its mandate of free legal services should be implemented, and the district court perhaps understandably looked to the Attorney General's office for assistance. Nevertheless, we believe the district court acted outside the scope of its authority when ordering the Attorney General to represent Reed.

Amicus curiae has requested this court to appoint counsel to represent Reed in his civil action. We decline to do so, and defer this request to the district court.

## DECISION

The district court did not have the authority to appoint the Attorney General to repre-

sent Reed in his private lawsuit against the Minnesota Historical Society.

**Petition for writ of prohibition granted.**

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.