**STATE of Minnesota, Respondent,**

v.

**James Michael McGRATH, Appellant.**

**No. C1–97–775.**

Court of Appeals of Minnesota.

Feb. 10, 1998.

Review Denied April 14, 1998.

John M. Stuart, State Public Defender, Bradford S. Delapena, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Attorney General, St. Paul; Michael O. Freeman, Hennepin County Attorney, Gayle C. Hendley, Asst. County Attorney, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and HARTEN and WILLIS, JJ.

## OPINION

HUSPENI, Judge.

Appellant James Michael McGrath seeks reversal of his conviction for solicitation of a child to engage in sexual conduct in violation of Minn.Stat. § 609.352, subd. 2 (1996), for an incident in which he approached a twelve-year-old boy, D.W., and began discussing his own sexual practices and sexual anatomy as a young boy, while simultaneously pointing at his own genitals and bumping into D.W.'s hip. Because we conclude that appellant's conduct constitutes solicitation within the meaning of Minn.Stat. § 609.352, subd. 2, we affirm.

## FACTS

On September 24, 1996, two boys, twelve-year-old D.W. and four-year-old R., were walking home from Lake Harriet when they passed appellant James McGrath on the sidewalk. Appellant engaged the boys in conversation and walked alongside them as they proceeded home, bumping into D.W.'s hip and making explicit sexual references while pointing at his own genitals.

Appellant told D.W.: (1) that when appellant was D.W.'s age, appellant did not have any hair on his testicles; (2) that when appellant was 14, he enjoyed putting saran wrap and oil on a pillow so he could simulate sex and ejaculate "five times in a ten minute period"; (3) that when appellant was 16, his testicles were the size of fists; and (4) that appellant required shots because his hor-

mones were two or four times the normal level and he was "horny."

Appellant was charged with solicitation of a child to engage in sexual conduct in violation of Minn.Stat. § 609.352, subd. 2 (1996). He waived his right to a jury trial. During the trial, respondent State of Minnesota introduced as *Spreigl* evidence appellant's two convictions for indecent conduct and three convictions for criminal sexual conduct. The court found appellant guilty and sentenced him to 15 months in prison.

## ISSUE

■ Did the trial court err in holding that appellant's conduct constituted solicitation of a child to engage in sexual conduct within the meaning of Minn.Stat. § 609.352, subd. 2 (1996)?

## ANALYSIS

■ The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ At issue in this case is whether appellant's conduct constituted solicitation under Minn.Stat. § 609.352, subd. 2 (1996).[1] The rule of strict construction requires that penal statutes be interpreted so that all reasonable doubts concerning the legislative intent be resolved in favor of the defendant. *State v. Olson*, 325 N.W.2d 13, 19 (Minn.1982).

Minn.Stat. § 609.352, subd. 2, states:

A person 18 years of age or older who solicits a child to engage in sexual conduct with intent to engage in sexual conduct is guilty of a felony * * *.

"Solicit" is defined as "commanding, entreating, or attempting to persuade a specific person." Minn.Stat. § 609.352, subd. 1(c) (1996). "Sexual conduct" is defined as "sexual contact of the individual's primary genital area, sexual penetration as defined in section 609.341, or sexual performance as defined in

---

1. In response to a question during oral argument, respondent indicated that appellant had not been charged with any lesser crimes such as disorderly conduct, but that a petition to commit appellant as a sexual psychopathic personality according to Minn.Stat. § 253B.02, subd. 18a (1996), had been filed, a hearing had been held, and a decision was pending.

section 617.246[.]" *Id.* at subd. 1(b). Sexual penetration includes intercourse or any intrusion, however slight. Minn.Stat. § 609.341, subd. 12 (1996). Sexual performance requires activity before an audience or for purposes of visual or mechanical reproduction. Minn.Stat. § 617.246, subd. 1(d) (1996).

▇ The solicitation statute has two basic requirements: (1) Intent ("intent to engage in sexual conduct"); and (2) Act ("solicit a child to engage in sexual conduct").[2] Without proof of both of these elements beyond a reasonable doubt, a conviction for solicitation cannot be sustained.

### 1. Intent to engage in sexual conduct

Appellant concedes that the court reasonably inferred from his sexually explicit conversation with D.W. and the *Spreigl* evidence that appellant intended to achieve some form of sexual gratification from his conversation with D.W., but argues that there is no evidence that this intended sexual gratification would occur by his engaging in "sexual conduct" in violation of Minn.Stat. § 609.352. In addressing this issue, the trial court stated:

It is clear * * * that [appellant] was attempting to convince the minor child to engage in sexual activity with him. What the sexual activity was is irrelevant since any sexual contact with a minor is unlawful.

*Although [appellant] may not have expressly stated his desire to have sexual activity with this young boy, that fact is easily and reasonably inferred from [appellant's] conduct.*

(Emphasis added). In inferring appellant's intent to solicit D.W. to engage in sexual conduct, the trial court had evidence consisting of appellant's conversation with D.W. and also had *Spreigl* evidence of five prior convic-

tions introduced at trial. In two of these incidents, appellant engaged a young boy in conversation, convinced him to go somewhere, and then forcibly performed oral sex on him, an activity that would clearly be considered sexual conduct as defined in section 609.352 (contact with the primary genital area).[3]

Respondent, arguing that the court was within its discretion to infer that appellant intended to engage in sexual conduct, relies on *State v. Wallace,* 558 N.W.2d 469 (Minn. 1997). We believe *Wallace* supports respondent's argument. In that case, a jury convicted the defendant of criminal sexual conduct after he enticed the victim into his apartment, directed her into the bedroom, tied her hands with sheets, gagged her, pushed her onto the bed, unbuckled his belt and stated "I know what I'm doing." *Id.* at 470. *Wallace* affirmed the conviction, stating that: "[a] jury could reasonably conclude that the only plausible inference to be drawn was that appellant intended to commit a sex crime." *Id.* at 473.

In this particular case, appellant stated that he was "horny" when he was young and explained how he was able to ejaculate "five times in a ten minute period," while at the same time bumping into D.W.'s hip. Like *Wallace,* appellant's conversation, coupled with his actions, indicates that it is a plausible inference that he intended to engage D.W. in some form of sexual conduct.

### 2. Act

One basic premise of Anglo–American criminal law is that no crime can be committed by bad thoughts alone. Something in the way of an act, or of an omission to act where there is a legal duty to act, is required too. To wish an enemy dead, to contemplate the forcible ravishment of a

---

**2.** Appellant appears to argue that the statute requires proof of three elements: (1) solicitation of a child to engage; (2) in particular sexual conduct; and (3) intent of the accused to engage in sexual conduct. We believe this interpretation of the statute requires unnecessary proof of an element that can be inferred. If there is sufficient evidence of the act of solicitation of a child and there is sufficient evidence of appellant's intent to engage in sexual conduct, then it is a proper inference that appellant was soliciting the

child to *engage in the sexual conduct appellant intended,* not some unrelated form of sexual conduct that must be independently proven. A plain reading of the statute requires proof of two elements: (1) intent to engage in sexual conduct, and (2) the act of solicitation.

**3.** In the other three incidents, appellant was caught masturbating in the presence of young boys, either with or without their knowledge.

woman, to think about taking another's wallet—such thoughts constitute none of the existing crimes (not murder or rape or larceny) so long as the thoughts produce no action to bring about the wished-for results.

\*       \*       \*       \*       \*       \*

[B]ad thoughts plus action do not equal a particular crime if the action is not that which the definition of the crime requires.

1 Wayne R. LaFave and Austin W. Scott, *Substantive Criminal Law,* § 3.1, pp. 273–75 (1986). In addition, "[a] statute purporting to make it criminal simply to think bad thoughts would, in the United States, be held unconstitutional." *Id.* at 274.

Viewing the evidence in the light most favorable to the state, we are asked to determine whether the evidence proves beyond a reasonable doubt that appellant commanded, entreated, or attempted to persuade D.W. to engage in sexual conduct.

Appellant, while conceding that his words and conduct were improper, argues that the statute will not permit a conclusion that he "solicit[ed] a child to engage in sexual conduct." He argues that his words, while inappropriate, only described his bodily characteristics and sexual experiences, but did not command, entreat, or attempt to persuade D.W. to engage in sexual conduct. However, our conclusion cannot rest solely on the words appellant spoke. We note that while the statute could have required that attempts to persuade be verbal, it includes no such requirement.

Therefore, we must examine the conduct which accompanied appellant's words. That conduct was bumping into D.W.'s hip during the time appellant was discussing his physical characteristics and sexual experiences. We conclude, as did the trial court, that "appellant engaged in both verbal and nonverbal conduct in an attempt to seduce" D.W. and that soliciting was proved beyond a reasonable doubt.

While there are no published opinions in Minnesota interpreting "solicitation" as used in Minn.Stat. § 609.352, subd. 2,[4] we find support for our conclusion in Minnesota case law interpreting related statutes and from a sister state's interpretation of a similar statute.

Minnesota courts have broadly interpreted the statute that prohibits prostitution, where prostitution is defined as "engaging or offering or agreeing to engage for hire in sexual penetration or sexual contact." Minn.Stat. § 609.321, subd. 9 (1996). *State v. Bennett,* 258 N.W.2d 895 (Minn.1977), held:

[A]n offer to engage for hire in intercourse or sodomy as illegal conduct \* \* \* requires neither completed sexual conduct nor a substantial act in furtherance of the endeavor. But because it proscribes inchoate activity, the statute is likely to be applied to conduct which is in some degree ambiguous.

*Id.* at 897; *see also State v. Oanes,* 543 N.W.2d 658, 662 (Minn.App.1996) (holding that an "offer need not be explicit, but may be implied by the defendant's words and actions.").

Such is the case here. Solicitation, like the offer to engage in sexual conduct for hire, is an inchoate activity which permits application of Minn.Stat. § 609.352 to conduct that "is in some degree ambiguous." *See Black's Law Dictionary* 761 (6th ed.1990) (defining inchoate crimes as "[a]n incipient crime which generally leads to another crime. \* \* \* \* The Model Penal Code classifies attempts, solicitation and conspiracy as such.").

The principle that "solicitation" can be committed by nonverbal conduct alone is further reiterated by the Iowa Supreme Court's interpretation of Iowa Code § 709.8(3), which prohibits solicitation of a child to engage in a sex act.

The crime in question is \* \* \* of a secret, obscure, and hidden character, and proof of its commission is not easily obtained. A solicitation, which may bring the act within the terms of the statute, need not be in

---

4. One unpublished opinion, *State v. Howard,* No. CX–88–735, 1988 WL 117206 (Minn.App. Oct.8, 1988), affirmed the conviction of a defendant for solicitation under this statute where the defendant repeatedly asked the victim if he wanted to have sex with the defendant's wife. *Howard* does not aid in our interpretation of the statute.

any particular form of words, and *it may be that solicitation * * * can be accomplished by gesture and other indication quite as effectively as by the use of any set or particular formula of language.*

*Iowa v. Baldwin,* 291 N.W.2d 337, 339 (Iowa 1980) (quotations omitted) (emphasis added).[5]

An analysis of appellant's conduct demonstrates that the trial court's finding that appellant "engaged in both verbal and nonverbal conduct in an attempt to seduce" D.W. is a plausible inference based upon both appellant's words and actions. Bumping into D.W.'s hip while graphically describing his sexual conduct when he was the same age as D.W. is sufficient to satisfy the requirements of the solicitation statute.

## DECISION

The trial court did not err in finding appellant guilty of solicitation where appellant walked alongside a boy, bumped into his hip, and discussed appellant's own sexual activity and anatomy as a young boy. Appellant's verbal and nonverbal conduct were sufficient to constitute commanding, entreating, or attempting to persuade D.W. to engage in sexual contact and constituted "solicitation" as defined in Minn.Stat. § 609.352, subd. 2.

**Affirmed.**

5. In *Baldwin,* the Iowa Supreme Court reversed the defendant's conviction for solicitation of a child to engage in a sex act because, although the defendant admitted that he forced his hand down the victim's shirt for a sex-oriented purpose, there was no evidence that this sex-oriented purpose was to complete a sex act. *Id.* at 340.

Because we can infer from appellant's conversation, actions, and *Spreigl* evidence that he intended to engage in sexual conduct, *Baldwin* is factually distinguishable. However, the Iowa court's interpretation of "solicitation" remains persuasive.