**STATE of Minnesota, Respondent,**

v.

**Frank Wayne CLOW, Appellant.**

**No. C5–98–1731.**

Court of Appeals of Minnesota.

Aug. 3, 1999.

Review Denied Oct. 21, 1999.

Mike Hatch, Attorney General, St. Paul, and Joseph A. Evans, Becker County Attorney, Michael D. Fritz, Assistant County Attorney, Detroit Lakes, for respondent.

Lawrence W. Pry, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, KALITOWKSI, Judge, and SHORT, Judge.

## OPINION

### KALITOWSKI, Judge

Appellant Frank Clow challenges his escape from custody conviction under Minn. Stat. § 609.485, subd. 2(1) (1998). Clow

argues that as a matter of law the evidence is insufficient to sustain his conviction because the state failed to meet its burden of proving he was held in lawful custody on a charge or conviction of a crime.

## FACTS

On November 20, 1997, at approximately 3:30 a.m., deputies Steven Jepson and Gene Clark responded to a domestic disturbance involving appellant Frank Clow and his former domestic partner, Peggy Kemper. Clow had visited Kemper's residence in an admittedly intoxicated state and kicked in her door.

Deputy Clark testified at trial that he told Clow he was under arrest for domestic assault and that he placed Clow in the back seat of a locked squad car without handcuffs. Both deputies were inside Kemper's residence when deputy Clark heard someone running outside and looked out to find the squad car empty. The deputies apprehended Clow near the residence a short time later.

Clow was subsequently charged with fourth-degree burglary, fifth-degree assault with intent to cause fear of bodily harm, fifth-degree assault with intent to inflict bodily harm, and escape from custody. A jury acquitted Clow of all charges except escape from custody.

## ISSUES

1. Can this court consider whether, as a matter of law, the evidence was sufficient to sustain Clow's conviction when the issue was not raised before the trial court?

2. As a matter of law, was the evidence sufficient to establish that Clow escaped from custody as defined in Minn.Stat. § 609.485, subd. 2(1) (1998)?

## ANALYSIS

### I.

A person is guilty of escape from custody if that person "escapes while held in lawful custody on a charge or conviction of a crime." Minn.Stat. § 609.485, subd. 2(1). Clow contends that the state failed to prove beyond a reasonable doubt that he escaped from custody while on a charge or conviction of a crime. The state argues that Clow waived this issue by failing to raise it in the district court.

As a general rule, this court will not decide issues that were not raised before the trial court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996) (citing *State v. Sorenson*, 441 N.W.2d 455, 457 (Minn. 1989)). But an appellate court has discretion to decide issues that were not raised below when the interests of justice require their consideration, and when doing so would not unfairly surprise a party to the appeal. *Id.* A plain error or defect may be considered on appeal if it affects a defendant's substantial rights, even where the error or defect was never brought to the attention of the trial court. Minn. R.Crim. P. 31.02.

Here, Clow's not guilty plea by itself formally put the state to the burden of proving all elements of the offense beyond a reasonable doubt. *State v. Larson*, 358 N.W.2d 668, 671 (Minn.1984); *see also State v. Blooflat*, 524 N.W.2d 482, 484 (Minn.App.1994) (even as to the technical element of venue, the defendant's failure to object does not relieve the state of its burden of proof). Moreover, a conviction based upon anything less than "proof beyond a reasonable doubt of every fact necessary to constitute the crime" violates the Due Process Clause of the Fifth Amendment, *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), and amounts to plain error affecting a defendant's substantial rights. Further, because the state has had opportunity to brief this issue, our consideration of the legal issue Clow presents will not prejudice or unfairly surprise the state. We conclude that the interests of justice require that we review Clow's conviction to ensure that each element of the crime of which he was convicted was adequately supported by evidence in the record.

## II.

When the sufficiency of the evidence is challenged, an appellate court must make a painstaking review of the record to determine if "the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989) (citation omitted). The reviewing court must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989) (citation omitted). We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and for the state's burden of proof beyond a reasonable doubt, could reasonably conclude that the defendant was proven guilty of the offense charged. *State v. Alton*, 432 N.W.2d 754, 756 (Minn.1988).

The escape from custody statute provides:

> Whoever does any of the following [is guilty of the crime of escape from custody]:
>
> (1) escapes while held in lawful custody on a charge or conviction of a crime * * *.

Minn.Stat. § 609.485, subd. 2 (1996). Clow argues that the state is required to prove that he had either been formally charged with or convicted of a crime at the time he escaped from custody. Because the state failed to show that Clow had been charged by citation, formal complaint, or indictment, Clow argues that as a matter of law the evidence was insufficient to support his conviction and therefore, the jury's conclusion was unreasonable. The state contends that the arrest of Clow was sufficient to constitute a charge for purposes of applying the escape from custody statute.

The definition of the term "charge," as it is used in the escape from custody statute, is an issue of first impression for Minnesota appellate courts.[1] We note that all published appellate decisions addressing this statute apparently dealt with defendants who escaped from custody after having been formally charged with a crime. *See, e.g., Headbird v. State*, 375 N.W.2d 90, 92 (Minn.App.1985) (affirming escape from custody conviction when defendant failed to return to halfway house in accordance with the terms of his probation), *review denied* (Minn. Dec. 13, 1985); *State v. Beito*, 332 N.W.2d 645, 648 (Minn. 1983) (holding that failure to return from work release while serving a probationary jail term constitutes an escape); *State v. Piri*, 295 Minn. 247, 204 N.W.2d 120 (1973) (affirming attempted escape from custody conviction when defendant attacked jailer in an attempt to escape).

The United States Supreme Court has interpreted "charge" to mean the beginning of formal legal proceedings. In *United States v. Patterson*, 150 U.S. 65, 68, 14 S.Ct. 20, 21, 37 L.Ed. 999 (1893), while discussing the term in the context of deciding when a commissioner should be compensated for performing services for defendants "*charged* with violations of the laws" the Supreme Court stated:

> A criminal charge, strictly speaking, exists only when a formal written complaint has been made against the accused, and a prosecution initiated. It is true the popular understanding of the term is "accusation," and it is freely used with reference to all accusations. (sic) whether oral, in the newspapers, or otherwise; but, in legal phraseology, it is properly limited to such accusations as have taken shape in a prosecution. In the eyes of the law, a person is charged with crime only when he is

1. The supreme court raised but did not decide the issue of whether the term "charge," as it is used in Minn.Stat. § 8.01 (1992) (empowering the governor to request prosecution of a person *charged* with an indictable offense), refers only to the commencement of formal legal process or includes accusing a person of a crime without formal legal process. *State ex rel Graham v. Klumpp*, 536 N.W.2d 613, 615 (Minn.1995).

called upon in a legal proceeding to answer to such a charge.

(Emphasis added.) Similarly, Black's Law Dictionary defines the term "charge" in a criminal context as "the specific crime the defendant is accused of committing. Accusation of a crime by a formal complaint, information or indictment." Black's Law Dictionary 233 (6th ed.1990).

The state argues that when deputy Clark told Clow he was under arrest for domestic assault, Clow was "charged" for purposes of the escape from custody statute. In support of this proposition, the state cites Minn. R.Crim. P. 6.01, subd. 1(1)(a), which states in relevant part:

> Law enforcement officers acting without a warrant, who have decided to proceed with prosecution, shall issue citations to persons subject to lawful arrest for misdemeanors, unless it reasonably appears to the officer that arrest or detention is necessary * * *. The citation may be issued in lieu of an arrest, or if an arrest has been made, in lieu of continued detention. If the defendant is detained, the officer shall report to the court the reasons for the detention.

The state argues that because officers are obligated to either issue a citation or make an arrest, an arrest must be the functional equivalent of a citation. We disagree.

The rule is clear that a citation is issued *in lieu of* detention. Had the deputy in this case deemed it appropriate to issue a citation to Clow instead of arresting him, Clow would have been released from custody and the escape from custody statute would have no application. Courts have recognized in many different contexts the significance of a "charge" as the prosecutor's formal commencement of adversary proceedings. *See McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 853 (Minn.1991) (noting that Sixth Amendment right to counsel does not attach until formal charges are initiated); *In re Death of VanSlooten*, 424 N.W.2d 576, 578–79 (Minn.App.1988) (noting that prosecutor's decision to bring criminal charges is pro-

tected by separation of powers doctrine and may be subject to absolute immunity), *review denied* (Minn. July 28, 1988); *State v. Huddock*, 408 N.W.2d 218, 220 (Minn. App.1987) (holding that it is the formal charges arising out of arrest that give rise to speedy trial right). While we recognize that escape from a police officer's custody frustrates the administration of justice, we also note Clow's admission that his conduct may constitute a crime under other statutes. Moreover, we cannot conclude the legislature had no reasonable basis for treating such an escape differently than an escape from the more formal custody imposed after criminal proceedings have been initiated by the filing of charges.

We conclude that we cannot interpret the statute in a way that expands the common understanding of the term "charge" in a criminal prosecution to include an arrest. If the legislature intended the escape from custody statute to apply to persons who have been arrested but not charged, it could have written such a provision into the statute. Indeed, we find examples of statutes which address escapes from arrest in the Model Penal Code, and the Wisconsin and New York penal codes. The Model Penal Code provides that a person is guilty of escape "if he unlawfully removes himself from official detention * * *." Model Penal Code § 242.6(1) (Proposed Official Draft 1962). The code defines "official detention" as "*arrest*, detention in any facility for custody of persons under charge or conviction of crime, * * * or any other detention for law enforcement purposes * * *." *Id.* (emphasis added). Similarly, Wisconsin law provides that a "person in custody who intentionally escapes from custody * * * [p]ursuant to a *legal arrest for*, lawfully charged with or convicted of or sentenced for a crime" is guilty of escape. Wis. Stat. § 946.42(3)(a) (1998) (emphasis added). Finally, New York law provides that a person is guilty of escape when such person, "[h]aving been *arrested for*, charged with or convicted of a [crime], * * * es-

capes from custody." N.Y. Law §§ 205.10(2), 205.15(2) (McKinney 1999).

■ Based on the foregoing, we conclude that the language of Minnesota's escape from custody statute is without ambiguity and we are therefore bound to apply its plain meaning. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701–02 (Minn. 1996). Moreover, even if we were to examine legislative intent, the rule requiring strict construction of penal statutes mandates that all reasonable doubts concerning legislative intent be resolved in favor of Clow. *State v. McGrath*, 574 N.W.2d 99, 100 (Minn.App.1998) (citing *State v. Olson*, 325 N.W.2d 13, 19 (Minn.1982)), *review denied* (Minn. Apr. 14, 1998); *see State v. Soto*, 378 N.W.2d 625, 627 (Minn.1985) ("A criminal offense should not be created by an uncertain and doubtful statutory construction."). We therefore conclude, as a matter of law, that the evidence presented by the state was not sufficient to support Clow's conviction.

## DECISION

Because the state failed to meet its burden of proving Clow was in lawful custody on a charge or conviction of a crime as required by Minn.Stat. § 609.485, subd. 2(1), we conclude the evidence is insufficient to sustain Clow's conviction as a matter of law.

**Reversed.**

SHORT, Judge (dissenting).

I respectfully dissent and would affirm the conviction. Clow failed to raise the issue of whether he was held on a "charge" before, during, or after the trial. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating appellate court will not decide issues, including constitutional questions of criminal procedure, unless issues raised before trial court); *see also* Minn. R.Crim. P. 11.03 (allowing court to hear and determine all motions made by defendant), 17.06, subd. 2 (requiring all objections to indictment or complaint to be made by motion), 26.03, subd. 17 (explaining procedures for motion for judgment of acquittal). Under these circumstances, the issue of whether Clow was charged with a crime before he escaped from custody is not properly before us. *See, e.g., State v. Sorenson*, 441 N.W.2d 455, 457 (Minn.1989) (declining to consider argument because question of its applicability was neither adequately briefed nor litigated); *State v. Kelley*, 295 N.W.2d 521, 522 (Minn.1980) (declining to address two issues raised by defendant because defense counsel did not object or otherwise raise issues at trial level).