**STATE of Minnesota, Respondent,**

v.

**David Byron BLAIR, Appellant.**

No. C2–86–1521.

Court of Appeals of Minnesota.

March 10, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. St. Louis Co. Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

## OPINION

HUSPENI, Judge.

Appellant David Blair appeals from convictions of attempted criminal sexual conduct in the first degree and criminal sexual conduct in the second degree. He argues that the trial court abused its discretion in admitting prejudicial evidence relating to his character and that there is insufficient evidence to support the verdict. We affirm.

## FACTS

In September of 1985, information was anonymously given to St. Louis County social workers that thirteen year old T.B. had been sexually abused by her father, appellant David Blair. The information came from the mother of one of T.B.'s friends after T.B. had told her friend of incidents involving appellant. T.B.'s parents had separated in 1983 and divorced in January of 1985. Custody of T.B., the only child of the marriage, was granted to her mother.

A child protection worker interviewed T.B. and referred the matter to the Sheriff's Department. An officer interviewed T.B., who said that she had been abused on five or more occasions during the preceding two-and-a-half to three years, with the last incident occurring in August of 1985.

Based on the information from T.B., a complaint was filed and appellant was arrested. He was charged with one count of attempted criminal sexual conduct in the first degree and one count of criminal sexual conduct in the second degree. Initially,

both charges related to multiple acts of abuse, but at trial the complaint was amended to refer exclusively to the August 1985 incident.[1]

T.B. testified concerning the August 1985 incident and two earlier incidents which occurred when she was about ten years old. She testified that in all three incidents, she resisted her father and that each time appellant attempted to engage in sexual penetration but was unable to place his penis in her vagina. She said he touched her in the area of her vagina and her breasts and forced her to touch his penis. She added that on all three occasions, appellant had been drinking. T.B. said that the August 1985 incident occurred when appellant came to his ex-wife's home to remove some of his possessions from a shed. T.B. was home alone at the time. She said that appellant offered her $20 to allow him to have intercourse with her, but she refused.

She said she did not tell her mother of the incidents because she was afraid her mother would not believe her or would be angry. T.B. first told her mother in September of 1985, after the interview with a child protection worker. Her mother also testified, stating that she had had T.B. examined by their family doctor who indicated there was no physical evidence of sexual abuse.

The jury found appellant guilty of both charges, and he was sentenced to the custody of the Commissioner of Corrections for a term of twenty-one-and-one-half months on the charge of attempted sexual conduct in the first degree. Sentence was not imposed on the second charge.

1. The parties indicate that this is an appeal of convictions under Minn.Stat. § 609.342, subd. 1(h)(v) (Supp.1985) with reference to §§ 609.17 and 609.343, subd. 1(h)(v). Under subdivisions 1(h)(v) of both sections 609.342 and 609.343, it is necessary to prove multiple acts of abuse over an extended period of time. However, following presentation of the State's case, the complaint was amended to delete any reference to multiple acts committed over an extended period of time. The jury instructions included the

## ISSUES

1. Did the trial court abuse its discretion in admitting character evidence relating to appellant's drinking and unemployment?

2. Is there sufficient evidence to support the verdict?

## ANALYSIS

### I.

On cross-examination of appellant, the prosecutor asked questions concerning appellant's use of alcohol and his unemployment. Appellant contends that this was an improper attempt to place his character in issue when he had not done so on direct examination.

The admissibility of character evidence is governed by Minn.R.Evid. 404:

(a) **Character evidence generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

\* \* \* \* \* \*

(b) **Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

elements of subdivision 1(g) of both sections, and at sentencing the judge indicated the convictions were under subdivisions 1(g). Under that provision, it is necessary to prove only one incident. The jury was instructed that the charges related to only the August 1985 incident. Neither party addresses the amendment of the complaint on appeal, and appellant makes no claims regarding the admission of evidence concerning two alleged acts of sexual abuse of T.B. prior to the August 1985 incident.

If the prosecution offers character evidence to establish the bad character of a defendant, Rule 404(a) provides that the evidence may not be admitted until the defendant has put his character in issue by offering evidence of good character. *State v. Sharich*, 297 Minn. 19, 23, 209 N.W.2d 907, 911 (1973). The provisions of Rule 404(a) apply only when character evidence is used to show that a person acted in conformity with his character. *State v. Bland*, 337 N.W.2d 378, 382 (Minn.1983). When character evidence is used for some other purpose, Rule 404(a) does not apply, and Rule 404(b) outlines the usual instances in which character evidence may be admitted. *Id.*

Rule 404(a) does not apply to the testimony relating to appellant's drinking problems or unemployment because the evidence was not used to show that appellant acted in conformity with character traits relating to such evidence. As the State contends, the evidence was offered for other purposes.

■ Appellant's attorney raised the unemployment issue in his opening remarks when he stated:

I think you will learn from Mr. Blair's testimony that he had no money to offer. He was unemployed. Every dime he could scrape together went just to maintain himself.

Appellant's opening statement was presented immediately after the State's opening statement. The trial court did not err in permitting the prosecutor to present testimony under Rule 404(a)(1) regarding appellant's unemployment.

■ The prosecutor's questions regarding appellant's drinking are somewhat more problematic. However, T.B. had testified that appellant had been drinking at the time of each incident. It is not an abuse of discretion to allow limited use of testimony regarding an appellant's drinking in order to provide a factual background for the jury's understanding. *State v. Garcia*, 374 N.W.2d 477, 480 (Minn.Ct.App.), *pet. for rev. denied*, (Minn.

Nov. 1, 1985). On this basis, the evidence was properly admitted.

■ The prosecutor also questioned appellant regarding occasions unrelated to the incidents with T.B. when he drank at an area bar. Appellant acknowledged that there had been times when, after drinking, he decided not to drive home. The State argues that the testimony was used in order to show that, even after drinking, appellant was able to form an intent. Because the charges require evidence of intent, the testimony was relevant to proving that intoxication did not prevent appellant from forming an intent. Accordingly, we conclude that the evidence was properly admitted.

## II.

### Sufficiency of the evidence

The standard for reviewing sufficiency of the evidence provides that:

[W]e are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. [Citations omitted.] We cannot retry the facts, but must take the view of the evidence most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. [Citations omitted.] If the jury, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty, that verdict will not be reversed. [Citation omitted.]

*State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978).

■ Appellant states that the evidence consists primarily of T.B.'s uncorroborated allegations and appellant's denial of those allegations. He points to four items as inconsistencies undermining the credibility of T.B.'s testimony.

First, appellant states that T.B. said she delayed telling her mother of the alleged

incidents out of fear that her mother would not believe her or would be angry but, after being told, her mother was entirely supportive of T.B. Second, according to appellant, T.B.'s seventh grade health class undoubtedly provided information on not being afraid to report experiences involving abuse and also furnished information which would have given T.B. an awareness of sexual matters. We conclude that the incidents cited by appellant do not constitute inconsistencies in T.B.'s testimony. Appellant's claims find no support in the record.

Appellant's third assertion is that T.B. testified she had never been medically examined regarding sexual abuse, but her mother said that that was the purpose of an examination conducted by the family's doctor. There is no indication T.B. knew the purpose of the medical examination and the discrepancy does not indicate an inconsistency on T.B.'s part.

Finally, appellant states that T.B. had told the Sheriff's Department that she had been abused by her father on five or more occasions, but at trial testified to only three incidents. While this does show an inconsistency between testimony and a prior statement, it was presented to the jury to be considered in weighing the credibility of T.B. Furthermore, inconsistencies in the State's case do not automatically require reversal of the jury's verdict. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980).

Appellant contends that the alleged inconsistencies take on added significance because T.B.'s testimony is essentially uncorroborated. Although corroboration is not required, absence in an individual case may call for holding that there is insufficient evidence. *State v. Ani*, 257 N.W.2d 699, 700 (Minn.1977). However, "[c]orroboration of an allegation of sexual abuse of a child is required only if the evidence otherwise adduced is insufficient to sustain conviction." *State v. Myers*, 359 N.W.2d 604, 608 (Minn.1984). That is not the case here. T.B.'s testimony, as apparently accepted by the jury, is sufficient to sustain the convictions.

As appellant concedes, the case turns on the comparative credibility of T.B. and appellant. Where the case is based upon conflicting testimony, it is the exclusive function of the jury to weigh the credibility of the witnesses. *State v. Heinzer*, 347 N.W.2d 535, 538 (Minn.Ct.App.), *pet. for rev. denied*, (Minn. July 26, 1984) (quoting *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980)). The jury found T.B. the more credible witness, and appellant has presented to this court no basis for reversing the jury's verdict.

### DECISION

The evidence relating to drinking and unemployment was properly admitted, and there is sufficient evidence to support the verdict.

Affirmed.