**STATE of Minnesota, Respondent,**

v.

**Michael Warren PINKERTON,
Appellant.**

No. C4–00–1107.

Court of Appeals of Minnesota.

May 15, 2001.

Review Denied July 24, 2001.

Mike Hatch, Attorney General, St. Paul; and Charles MacLean, Winona County Attorney, Steven L. Schleicher, Assistant County Attorney, Winona, for respondent.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by ANDERSON, P.J., LANSING and HALBROOKS, JJ.

## OPINION

LANSING, Judge

A jury found Michael Pinkerton guilty of one count of controlled-substance crime in the second degree and two counts of conspiracy to commit controlled-substance crime in the third degree. On appeal from the judgment of conviction, Pinkerton challenges the sufficiency of the evidence to support the jury's verdicts. We affirm the conviction for controlled-substance crime in the second degree. But we conclude that evidence of an agreement solely between a seller and buyer of controlled substances is insufficient to establish conspiracy to commit a controlled-substance crime, and vacate the conspiracy convictions.

### FACTS

Following an investigation of Michael Pinkerton's involvement in possible drug transactions in southern Minnesota, law enforcement officers arranged controlled drug buys using police informants. The facts supporting the jury's verdicts establish that during two drug buys on April 16 and April 20, 1999, Pinkerton sold 3.4 grams of cocaine to police informants.

For the April 16 drug buy, police informant Gary Kowalewski was searched, wired, and supplied with $100. Kowalewski was observed by law enforcement officers Susan Linkenmeyer and Jeffrey Hansen making a phone call from a pay phone. Minutes later, Kowalewski received a phone call from Pinkerton. Pinkerton asked Kowalewski to call him back in 25 minutes.

When Kowalewski returned Pinkerton's call, Pinkerton drove up to the car in which Kowalewski and Linkenmeyer were waiting. Pinkerton was accompanied by an unidentified male. Kowalewski and Pinkerton drove a short distance and parked. Kowalewski then left his car and approached Pinkerton's car.

At trial, Kowalewski's testimony on what happened next was inconsistent with the testimony of the state's other witnesses.

Kowalewski testified that he gave $100 to Pinkerton in exchange for three rocks of crack cocaine. He stated that he returned to the car in which Linkenmeyer was waiting and handed her the cocaine.

According to the state's other witnesses, Pinkerton sold Kowalewski six rocks of crack cocaine, not three. Linkenmeyer testified that after Kowalewski approached Pinkerton's car, he returned to the car in which she was waiting and asked for an additional $100 for cocaine. She stated that she gave the money to Kowalewski, who then went back to Pinkerton. Linkenmeyer testified that after a short time, Kowalewski returned to Linkenmeyer and handed her the rocks of crack cocaine. Hansen testified that Linkenmeyer told him shortly after the drug buy that she and Kowalewski had each purchased three rocks of crack cocaine. The state's expert witness testified that he analyzed six rocks of crack cocaine attributed to Pinkerton's sale to Kowalewski and that the weight of the cocaine was 1.4 grams.

Similar procedures were followed for the April 20 drug buy. Police informant Lori Fenske was searched, wired, and supplied with $250. Fenske was observed by Linkenmeyer and Hanson to make a phone call at a pay phone. Fenske received a phone call from Pinkerton, and they arranged to meet. Shortly afterwards, Pinkerton drove to the pay phone and picked up Fenske. In the car with Pinkerton was a person Fenske identified at trial as Lay–Low. Fenske gave Pinkerton $250 in exchange for eight rocks of crack cocaine that were later determined to weigh 2.0 grams. After Fenske left Pinkerton's car, Linkenmeyer picked Fenske up, and Fenske handed Linkenmeyer the cocaine.

Pinkerton was subsequently charged with one count of second-degree controlled-substance crime in violation of Minn.Stat. § 152.022, subd. 1 (1998), and with two counts of conspiracy to commit third-degree controlled-substance crime in violation of Minn.Stat. § 152.096, subd. 1 (1998). Following trial and the jury's verdicts, the district court sentenced Pinkerton for his conviction of second-degree controlled-substance crime but did not impose sentences for his conspiracy convictions. Pinkerton now appeals.

## ISSUES

I. Was the evidence presented at trial sufficient to support Pinkerton's conviction for controlled-substance crime in the second degree?

II. Was the evidence presented at trial sufficient to support Pinkerton's convictions for conspiracy to commit controlled-substance crime in the third degree?

## ANALYSIS

As a preliminary matter, the state argues that Pinkerton waived the evidentiary and statutory-interpretation issues on which he now predicates his insufficiency-of-evidence claim because the issues were not raised at trial and he did not move for a judgment of acquittal. Generally, this court will not decide an issue that was not raised in the trial court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996). But we may deviate from this rule when (1) the interests of justice require consideration of an issue and (2) consideration would not unfairly surprise a party to the appeal. *State v. Clow*, 600 N.W.2d 724, 726 (Minn.App.1999). To the degree that the issues were not directly raised at trial, the interests of justice require that we review Pinkerton's convictions to ensure that each element of the crimes of which he was convicted is adequately supported by evidence in the record. The state has had an opportunity to fully respond to the issues raised by Pinkerton on appeal, and

consideration of these issues does not result in unfair surprise.

■ Evidence is sufficient to support a conviction if, given the facts in the record and any legitimate inferences from those facts, a jury could reasonably conclude that the defendant committed the crime charged. *State v. Folkers*, 581 N.W.2d 321, 326 (Minn.1998). This court does not retry the facts but instead views the evidence in the light most favorable to the verdicts and assumes the jury believed the witnesses whose testimony supported the verdicts and disbelieved the evidence that did not. *State v. Harris*, 589 N.W.2d 782, 791 (Minn.1999).

## I

■ Pinkerton argues that there is insufficient evidence to establish that the total weight of cocaine that he sold on April 16 and April 20 was three grams or more. A defendant is guilty of controlled-substance crime in the second degree if, on one or more occasions within a 90 day period, the defendant sells one or more mixtures of a total weight of three grams or more containing cocaine. Minn.Stat. § 152.022, subd. 1(1) (1998). Pinkerton contends that because the only direct evidence shows that he sold three rocks of crack cocaine to Kowalewski, the jury could not have reasonably found that Pinkerton sold the six rocks attributed to that sale which weighed 1.4 grams. We disagree.

Although Kowalewski testified that he purchased three rocks from Pinkerton, his testimony conflicted with the testimony of Linkenmeyer and Hansen. Linkenmeyer testified that Kowalewski requested additional money during the sale and immediately after the transaction handed her a baggie of cocaine, which the state examiner later identified as six rocks weighing a total of 1.4 grams. She stated that Kowa-lewski did not have cocaine on his person before the drug buy and that he remained in her sight during the entire transaction with Pinkerton. Hansen's testimony corroborated Linkenmeyer's. The physical evidence produced at trial also corroborated Linkenmeyer's testimony. The state introduced cocaine attributed to the April 16 sale, together with a lab report from the Bureau of Criminal Apprehension that stated the weight as 1.4 grams.

■ When conflicting testimony is presented, it is the function of a jury to weigh the credibility of witnesses. *State v. Blair*, 402 N.W.2d 154, 158 (Minn.App.1987). The jury's verdict confirms that it believed Linkenmeyer's testimony instead of Kowalewski's because the weight of the cocaine was an element on which the jury was required to make a finding. Pinkerton does not dispute that the cocaine sold to Fenske on April 20 weighed 2.0 grams. The evidence was sufficient for the jury find Pinkerton guilty of controlled-substance crime in the second degree for sale of a total weight of three or more grams of cocaine.

## II

Pinkerton was convicted of conspiracy to commit a controlled-substance crime in the third degree in violation of Minn.Stat. § 152.096 (1998). The statute provides that a person who conspires to commit any act prohibited by the controlled substances act, Minn.Stat. ch. 152 (1998), is guilty of a felony and may be imprisoned, fined, or both up to the maximum amount authorized for the substantive crime the person conspired to commit. Minn.Stat. § 152.096, subd. 1. The conviction of a co-conspirator is not required for liability under the statute. *Id.*, subd. 2.

■ The crime of conspiracy under Minn.Stat. § 152.096 requires (1) an agree-

ment between two or more people to commit a controlled-substance crime and (2) an overt act in furtherance of the conspiracy. *See* Minn.Stat. § 609.175, subd. 2 (1998); *State v. Kuhnau,* 622 N.W.2d 552, 556 (Minn.2001). Pinkerton argues that a sales agreement between a seller and a buyer of controlled substances cannot satisfy the first element requiring "an agreement between two or more people," and because the evidence shows that he formed agreements only with buyers, the jury could not have reasonably concluded that he committed conspiracy. We agree.

■ We first consider whether an agreement solely between a seller and a buyer of controlled substances can constitute conspiracy under Minn.Stat. § 152.096. This is an issue of statutory interpretation subject to de novo review. *Lolling v. Midwest Patrol,* 545 N.W.2d 372, 375 (Minn.1996). The object of statutory interpretation is to ascertain and effectuate legislative intent. Minn.Stat. § 645.16 (2000).

As originally enacted, the Controlled Substances Act provided different penalties for the crimes of sale and possession of controlled substances. 1971 Minn. Laws ch. 937. For a given quantity and type of controlled substance, a person convicted of selling controlled substances was subject to a more severe penalty than a person convicted of possession. Minn.Stat. §§ 152.09, subd. 1, .15, subd. 1 (1971).[1]

Although the act has been frequently amended since its original adoption, the legislature has consistently maintained harsher penalties for the sale of controlled substances than for possession. Under the current version of the act, a person who sells cocaine with a total weight of three grams or more within a 90 day peri-

od is guilty of controlled-substance crime in the second degree and is subject to imprisonment for 25 years, a fine of $500,000, or both. Minn.Stat. § 152.022, subds. 1(1) and 3 (2000). But a person who possesses the same amount of cocaine is guilty of a lesser degree of controlled-substance crime and is subject to a lesser penalty. Minn.Stat. § 152.023, subds. 2(1) and 3 (2000). Throughout the act, the legislature has demonstrated an intent that a person who sells a particular amount of a controlled substance should receive a greater punishment than a person who possesses the same amount of the controlled substance.

We construe the act's conspiracy statute to effectuate this legislative intention. Under Minn.Stat. § 152.096, as with conspiracy in general, a conspirator is subject to the same penalty as co-conspirators. Minn.Stat. § 152.096, subd. 1; *see* Minn. Stat. § 609.175 (1998) (general conspiracy statute). If an agreement solely between a seller and a buyer of controlled substances can constitute conspiracy, the seller and buyer would, as co-conspirators, be subject to the same penalty. But to the extent that the buyer is, at most, guilty of a crime of possession, the legislature would not intend that a seller and a buyer of controlled substances could be subject to the same penalty. We conclude that an agreement solely between a seller and a buyer of controlled substances cannot constitute a conspiracy under Minn.Stat. § 152.096.

■ Thus if the evidence shows, as Pinkerton claims, that the alleged conspiracy involved only himself as a seller and an informant as a buyer, the conspiracy convictions are, as a matter of law, unsupported. The evidence shows that during the

1. Minn.Stat. § 152.09 was repealed in 1989. 1989 Minn. Laws ch. 290, art. 3, § 37. Minn. Stat. § 152.15 was fully repealed by 1989. *Id.*

April 16 drug buy, an unknown person was in the car with Pinkerton when he sold cocaine to Kowalewski. During the April 20 drug buy, a person identified as Lay Low was in the car with Pinkerton when he sold cocaine to Fenske. For both occasions, the record contains no evidence that there was any interaction between the person in the car and Pinkerton, Kowalewski, or Fenske. Nor does the record contain any evidence that any other third party was involved with Pinkerton. Pinkerton argues that a jury could not reasonably conclude that an agreement to sell controlled substances existed between Pinkerton and any person but the informant-purchasers, Kowalewski and Fenske. We agree.

▮ Although an agreement may be inferred, mere association with a person engaged in illegal activity does not make a person a conspirator. *United States v. Moss,* 591 F.2d 428, 435 (8th Cir.1979). The bare fact that a person is present in a vehicle during a controlled-substance transaction, without more, does not support a finding of a conspiratorial agreement. *See Kuhnau,* 622 N.W.2d at 556 (quoting *State v. Burns,* 215 Minn. 182, 188, 9 N.W.2d 518, 521 (1943) (criminal liability for conspiracy predicated upon personal guilt)). Because we hold that an agreement between a seller and a buyer of controlled substances cannot maintain conspiracy under Minn.Stat. § 152.096, the jury could not have reasonably concluded that Pinkerton committed conspiracy, and we vacate Pinkerton's conspiracy convictions.

### III

Pinkerton has submitted a pro se supplemental brief that raises the sufficiency-of-evidence issue that we have addressed and also raises issues relating to the testimony of witnesses at trial. After careful consideration, we conclude that the brief provides no factual or legal basis for relief from the jury's verdict except for the relief we have granted in vacating the conspiracy convictions.

### DECISION

Because the evidence is sufficient to support Pinkerton's conviction of controlled-substance crime in the second degree, we affirm that conviction. But because evidence of agreements between Pinkerton as the seller and Kowalewski and Fenske as buyers cannot constitute conspiracy and there is no evidence that Pinkerton conspired with a third party, we vacate Pinkerton's two convictions for conspiracy to commit controlled-substance crime in the third degree.

**Affirmed in part and vacated in part.**