**STATE of Minnesota, Respondent,**

v.

**John VANG, Appellant.**

**No. A03–1242.**

Court of Appeals of Minnesota.

July 12, 2005.

Steven V. Russett, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, HUDSON, Judge, and DIETZEN, Judge.

## OPINION

TOUSSAINT, Chief Judge.

This appeal from a conviction of second-degree assault has been remanded from the United States Supreme Court for reconsideration in light of *Smith v. Massachusetts,* —— U.S. ——, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005). Because we conclude that the reinstatement of four of the assault counts following a midtrial dismissal ruling violated appellant John Vang's pro-

tection against double jeopardy, we reverse.

## FACTS

Appellant John Vang was involved in a "road rage" incident that occurred on the east side of St. Paul on July 14, 2002. The occupants of a Chevy Blazer called police to report that a person in a another vehicle, a Honda Accord, had a gun. Police were dispatched to the scene and followed both cars. They eventually stopped the Honda, identifying appellant as the rear-seat passenger. The driver of the Blazer told police that he saw the man in the back seat of the Honda pointing a silver revolver at him. Police questioned the occupants of the Honda, and one of them, the front-seat passenger, said that the "back passenger" had a gun but had thrown it out the window as police chased them. After a search along that route, police discovered a .38–caliber revolver on a sidewalk.

None of the passengers in the Blazer told police that they saw someone in the Honda with a gun. One of the passengers was a four-year-old child who was asleep at the time.

The state filed an amended complaint charging appellant with four counts of second-degree assault committed against the passengers, along with the original count charging the appellant with second-degree assault on the driver.

After the state rested in its case-in-chief, defense counsel made a motion outside the presence of the jury to dismiss the four counts involving the passengers or to direct a verdict on those counts. Counsel also moved to dismiss the entire complaint on the ground that the evidence was insufficient to tie appellant to the gun. That motion was denied. But the trial court granted the motion to dismiss the counts against the passengers. The court stated:

I think reason and common sense would dictate that people being assaulted would have to perceive some kind of threat of fear or bodily harm. I believe the testimony was at least the four-year-old child was asleep and the testimony of the other four occupants in the vehicle is that they did not see a gun.

The prosecutor objected to this ruling, pointing to the testimony that had been presented at trial. But the court, noting the state had to prove the elements beyond a reasonable doubt, reasserted its dismissal of the four counts.

The trial court then conducted an on-the-record inquiry of appellant, establishing that his decision to testify at trial was voluntary. After the jury returned, appellant testified, and the defense rested. After the jury was excused, there was a brief discussion concerning the jury instructions. The prosecutor then cited to the court *State v. Hough*, 585 N.W.2d 393 (Minn.1998), in which the supreme court held that a defendant may be guilty of assaulting victims who are unaware of the defendant's acts, or even unconscious at the time. The prosecutor asked the court to reconsider its earlier dismissal of the four additional counts. The court immediately reinstated the four counts and submitted them to the jury. Appellant was convicted on all five counts.

On appeal, this court rejected appellant's double-jeopardy argument that the midtrial dismissal barred a later, midtrial reinstatement of the four additional assault counts. *State v. Vang*, No. A03–1242, 2004 WL 1726229 (Minn.App. Aug.3, 2004), *review denied* (Minn. Oct. 27, 2004). This court held that the dismissal was based on a legal determination, and, because it was rescinded in the course of the same trial, there was no double-jeopardy bar to reinstating those counts. *Id.* at *3.

In February 2005, the United States Supreme Court issued an opinion addressing this same issue. *Smith v. Massachusetts,* —— U.S. ——, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005). *Smith* concluded that, under certain circumstances, the Double Jeopardy Clause could bar later reconsideration of a midtrial dismissal, even in the course of the same trial. The Supreme Court granted appellant's petition for a writ of certiorari and remanded to this court for reconsideration in light of *Smith.*

## ISSUES

1. Did appellant waive his double-jeopardy claim?
2. Did reinstatement of the four assault counts following the midtrial dismissal ruling violate appellant's protection against double jeopardy?

## ANALYSIS

### I.

■ The state argues that appellant waived his double-jeopardy claim by failing to raise it in the district court. This court noted in its first opinion in this appeal that appellant had not raised the double-jeopardy issue in the district court, but chose to address it in the interests of justice. *State v. Vang,* No. A03–1242, 2004 WL 1726229, at *2 (Minn.App. Aug.3, 2004), *review denied* (Minn. Oct. 27, 2004). The state argues that this analysis did not represent a holding that the claim was *not* waived.

■ Waiver is a discretionary rule. *See State v. Pinkerton,* 628 N.W.2d 159, 161–62 (Minn.App.2001) (noting court may deviate from rule of waiver in interests of justice if neither party is unfairly surprised), *review denied* (Minn. July 24, 2001). Because this court exercised its discretion to address the double-jeopardy issue in the first opinion in this appeal, and because the United States Supreme Court

has granted certiorari and remanded the issue to us, we decline to hold that appellant has waived the issue.

### II.

This court concluded in its first opinion that Vang's motion to dismiss was based "solely on a legal claim" and did not involve "resolution of any facts." 2004 WL 1726229, at *3. Because the reinstatement, based also on a "legal conclusion," occurred during the same trial and did not require a second trial, this court concluded that "Vang's right to be protected from double jeopardy was not violated." *Id.*

■ The Supreme Court's opinion in *Smith* requires stricter scrutiny of a midtrial dismissal than this court afforded in its first opinion. First, the asserted grounds for the dismissal, even if solely legal in nature, are not determinative. "[W]hat matters is that ... the judge 'evaluated the evidence and determined that it was legally insufficient to sustain a conviction.'" *Smith,* 125 S.Ct. at 1135 (quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)); *see also State v. Gurske,* 395 N.W.2d 353, 356 (Minn.1986) (applying Supreme Court caselaw holding that label attached to ruling is not determinative and deciding that trial court's conclusion that first-degree felony murder could not be proven was equivalent to judgment of acquittal for double jeopardy purposes). Here, the trial court determined that the state, by presenting no evidence that the four passengers in the Blazer were aware of the gun, presented insufficient evidence to support convictions on the four added counts. It is immaterial, under *Smith* and *Martin Linen Supply,* that this ruling was based on a legal determination because it was in the end a finding of insufficient evidence.

■ Second, *Smith* requires that this court analyze the finality of the midtrial dismissal ruling without the presumption that a dismissal ruling, if rescinded before the end of trial, is not final. The Court in *Smith* stated its basic holding as follows:

If, after a facially unqualified midtrial dismissal of one count, the trial has proceeded to the defendant's introduction of evidence, the acquittal must be treated as final, unless the availability of reconsideration has been plainly established by pre-existing rule or case authority expressly applicable to midtrial rulings on the sufficiency of the evidence.

125 S.Ct. at 1137. Thus, a midtrial dismissal ruling will be considered final unless it was (a) expressly qualified, or only tentatively stated, at the time it was made, or (b) made subject to a rule or case authority allowing the court to reconsider it. *Cf. Price v. Vincent,* 538 U.S. 634, 642–43, 123 S.Ct. 1848, 1851, 1854–55, 155 L.Ed.2d 877 (2003) (holding state court's rejection of double-jeopardy claim was not "an objectively unreasonable application" of federal law when trial court expressed opinion on lack of evidence of premeditation but allowed further argument and ultimately reserved ruling, later permitting first-degree murder charge to go to jury).

The Court also implied a third exception: double jeopardy would not be violated if the dismissal ruling was reconsidered before the trial proceeded, particularly to the defense's presentation of its case. 125 S.Ct. at 1136.

■ None of the exceptions to the *Smith* rule of finality applies here. First, the trial court did not indicate its dismissal of the four added "passenger" assault counts was tentative or conditional in any way. Second, there appears to be no Minnesota rule or caselaw allowing for the reconsideration of midtrial dismissal rulings, and the state has cited none. In fact, the rule in Minnesota prevents the trial court from deferring decision on such a motion. *See* Minn. R.Crim. P. 26.03, subd. 17(2) (providing that if defense moves for judgment of acquittal at close of state's case, court "may not reserve decision of the motion"). And finally, the trial proceeded, with appellant testifying in his own defense, before there was any reconsideration of the ruling.

The state attempts to distinguish *Smith* by noting that the trial court here did not dismiss the counts for lack of proof of an element of the offense and by arguing that the ruling was really a legal determination rather than a finding of insufficient evidence. But the state's first argument goes to the merits of the midtrial ruling, which under *Smith* have no significance. The *Smith* Court cited a federal rule allowing the court to resolve "elements of the offense" in ordering a judgment of acquittal. 125 S.Ct. at 1134–35. But the Court rejected the argument that the Double Jeopardy Clause must be construed to allow for correction of error in the granting of directed verdicts. *Id.* at 1138. Although the trial court here may have erred in concluding there was insufficient evidence, that does not change the nature of its determination.[1] As the *Smith* Court stated, what counts is whether the ruling "actually represents a resolution, *correct or not,* of some or all of the factual elements of the offense charged." *Id.* at 1134 (citations omitted) (emphasis added). The fact that the district court mistook the ele-

---

1. The prosecutor's immediate response to the ruling, pointing to the testimony at trial, indicates that the dismissal was perceived as a judgment of acquittal. Although the state labeled ter provided a legal citation to *State v. Hough,* there was no significant legal argument at the time of the ruling.

ments does not change the nature of its determination.

*Smith* rejects the state's second argument as well. The Court noted that the state court's determination that the midtrial ruling was "a legal rather than factual determination" was not binding on it. *Id.* at 1135. The Court concluded that the trial judge's dismissal of the charge of unlawful possession of a firearm was a judgment of acquittal. *Id.* Here, the trial court concluded that the state did not prove that the four passengers were assaulted because none of them was aware of the gun. As discussed above, the prosecutor's immediate reaction was to treat this as a factual determination. Although infected by legal error, the court's conclusion represented a finding that the elements of assault had not been met as to those four counts.

Thus, there is no basis for distinguishing *Smith*, which requires reversal of the conviction on the four earlier-dismissed counts of assault against the passengers.

## DECISION

The Double Jeopardy Clause barred the reinstatement of the four counts of assault committed against the passengers that had earlier been dismissed by the trial court, and the convictions on those counts must be reversed.

**Reversed.**